STATE OF IOWA, Plaintiff, Appellee v. E. A. READ, Defendant,
Appellant, and STATE OF IOWA, Plaintiff, Appellee, v.
FRANK CAVENDER, Defendant, Appellant, and STATE OF
IOWA, Plaintiff, Appellee v. R. P. GALT, Defendant,
Appellant.

**Statutes:** CONSTRUCTION. While a statute criminal in character should
1 be strictly construed, it should also be so construed as to effect its
purpose, and such an interpretation should be given to all the lan-
guage that each part shall carry out the intent of the legislation.

**Same:** AUTOMOBILE LIGHTS. The Act of the 34th General Assembly
2 requiring that motor vehicles shall display at certain hours two
lighted lamps in front, visible at a distance of five hundred feet,
is satisfied by the use of two oil lamps upon the top and at each
side of the dashboard of an automobile, in front of the driver, and
which when lighted can be seen the required distance; the term
"front" not necessarily meaning the extreme front of the machine.

*Appeal from Page District Court.*—HON. E. B. WOODRUFF,
Judge.

MONDAY, DECEMBER 15, 1913.

OPINION states the facts. *Reversed* and *Remanded.*

*Earl R. Ferguson* and *C. R. Barnes,* for appellants.

*L. H. Mattox,* for the State.

GAYNOR, J.—On the 5th day of August, 1911, an in-
formation was filed in the superior court of Shenandoah,
Iowa, charging the defendant, Frank Cavender, with operat-
ing an automobile without lights; the information being in
the following words: "The defendant Frank Cavender is

accused of the crime of operating an automobile without
lights, for that the said defendant, on the 4th day of August,
1911, in the township of Grant, Page county, Iowa, did
operate an automobile without lights more than one-half
hour after sunset contrary to the statute made and provided.''
On the 30th day of August, 1911, an information, in sub-
stantially the same words was filed in the same court charg-
ing the defendant E. A. Read with operating an automobile
on the public highway in the nighttime without proper lights.
On the 18th of September, 1911, a similar information was
filed in the same court against the defendant R. P. Galt.
Each of the defendants appeared in said court and entered
pleas of not guilty. Upon the trial, each was found guilty
and fined. Thereupon, each of said defendants appealed
from the judgment of said court to the district court of the
state of Iowa, Page county, and in said court, by stipulation
and agreement of all parties, said causes were consolidated
for the purpose of hearing, and the cause submitted to the
court upon the following stipulation of facts filed in each of
said causes:

It is stipulated and agreed by the parties that on the
29th day of August, 1911, the defendant was operating and
driving an automobile upon a regularly laid out and dedicated
public street in the city of Shenandoah, Page county, Iowa,
at a time between one-half hour after sundown and midnight;
that at that time the rear lamp of said automobile was lighted;
that there were lighted upon said automobile, upon the for-
ward part thereof, two oil lamps; that the same were fastened
to said automobile at the top and to each side of the dash-
board of said automobile by means of brackets projecting to
the right and to the left sides of the said dashboard; that
said lamps with the exception of the rear part of said lamps,
all being in front of said dashboard; that the said lamps
faced towards the front and sides of said automobile, being
toward the front and side thereof and throwing a light toward
the front, visible to a person approaching said automobile
from the opposite direction in which it was traveling, at a
distance of more than 500 feet; that there were no other lamps

lighted upon the front part of the said automobile; that the engine and the hood covering the engine of said automobile was located beneath and projected out forward from the dashboard upon which said lamps were fastened and from the part of said automobile in which were located the seats for passengers and driver, the said hood projecting about two and a half feet forward of said lights; that the seats of said automobile are behind and to the rear of said dashboard and lights, and that there is nothing in front of said lights which would obstruct a view thereof to a person approaching the same from an opposite direction; that the front wheels are located under the engine and hood of said automobile forward of these lights; that in front of said hood and about one foot below the lights described and three feet eight inches forward from the lights described are located two gas lamps, one on either side, with large reflectors which were not lighted; that each of said lamps which were lighted upon this evening in question had a metal substance in the rear part thereof behind the light for the purpose of projecting and throwing said light in a forward direction as a reflector, but these reflectors were not concave reflectors, but that the glass inclosing said lights were bevel edged; that the said lamps above referred to are oil lamps, and the large lamps referred to in front of the hood of the machine were gas lamps.

In the case of the defendant Read, the stipulation above set out was filed as a stipulation of facts upon which the court might determine the issue, excepting in so far as the location of the lamps was concerned, and in his case the following additional stipulation is found:

The lamps which were lighted in this case were fastened to the top and side of the said dashboard, being two in number, one upon each side; the bracket upon which each light was fixed projecting directly forward six or eight inches from said dashboard; that upon the outside of each bracket and in immediate contact therewith were attached lamps, the inside and front edge of which projects toward the inside past the bracket and directly in front of the dashboard; that there is but one opening in the said lamps, which is in the front thereof; that to the rear thereof there is a metal reflector; that the lamps

have a round bull's-eye glass in front thereof, and the same were oil lamps; that upon the night of the 4th day of August, the night in question, the same were lighted and burning.

Thereupon the district court found each and every one of the defendants guilty as charged in the information, and fined each $1 and the cost of the action, and from this judgment each of said defendants have appealed to this court.

The statute under which the defendants were tried and convicted is section 18 of chapter 72 of the Laws of the 34th General Assembly, and reads as follows: ''Every motor vehicle, operated and driven upon the public highways of this state, . . . shall, during the period of one-half hour after sunset to one-half hour before sunrise, display at least two lighted lamps on the front. . . . The light or lights of the front lamps shall be visible at least five hundred feet in the direction in which the motor vehicle is proceeding.''

This appeal involves but one question: Are oil lamps upon the dashboard of an automobile, when lighted, sufficient to satisfy the statute requiring front lights? This is to be determined from the wording of the statute itself. The statute is criminal in its character. A violation of it subjects the party to punishment by a fine not exceeding $25. The statute is therefore to be strictly construed, and yet it ought to be so construed as to carry out and make effectual the purpose and object to accomplish which the statute was enacted, and so that, obedience to it being demanded and enforced, the wrong or injury sought to be prevented or minimized by the act may be thereby prevented or minimized. One driving a motor vehicle has a right to use the public highways for the purpose of locomotion. He is required to exercise this right with due regard to the rights of others, who, with equal right, may be using these public thoroughfares. The intent of the statute is to guard the public against injury from the exercise of a recognized right, by limiting the exercise of that right, and

1. STATUTES: construction.

placing certain duties and obligations upon the driver of these fast moving vehicles.

That this statute was enacted for the benefit of the public is made manifest by all the provisions regulating the manner in which automobiles shall be used upon the public highway, such as having the same equipped with a bell or horn, or device for signaling; such provisions as require him, when approaching one riding or driving a horse, to stop when signaled to do so; the provision requiring him to stop when passing a street car which has stopped for the alighting of passengers; those requiring him to slow down and give timely signals when approaching pedestrians on the street, or upon any part of a public highway, or when approaching the intersection of a highway, or a curve, or corner where the operator's view is obstructed.

One of these duties imposed upon a driver of such a vehicle upon the public highway is that he display at least two lighted lamps on the front of his vehicle, which shall be

2. SAME: automobile lights.   visible at least five hundred feet in the direction in which he is going. This is evidently for the purpose of protecting the public in the use of these highways, in the nighttime. No one having a due regard for the rights of others ought to travel, in the nighttime, without these warning lights. The necessity for this is more strongly impressed upon the mind when we consider the speed at which these vehicles are frequently moved.

So in the consideration of this case it must be kept in mind that the defendants are charged with violation of a criminal statute enacted for the protection of the public. This action does not rest in negligence, nor sound in damages. A failure to have lights on the front of a machine in the nightime might be negligence without this statute, and a party injured, as a proximate result thereof, might recover damages. The purpose of this statute is to prevent injury to the public, and not to give redress based on negligence. Without this statute, it would not be criminal to run an

automobile upon the public highway, in the nighttime, without lights. In construing this statute, all the language of the statute should be considered, and such an interpretation given to the whole statute and to each part thereof as will carry out and make effectual the manifest intent of the Legislature in passing it, and such as will accomplish, as near as may be, the purpose of the law.

In construing the words of a statute, it is necessary to consider the context. It is necessary to consider the whole statute in which the particular word in question is used. It is presumed to have been used with its usual and ordinary signification.

The word in the statute which seems to have been the subject of contention in the court below is the word "front." What did the Legislature mean when it said that the driver of an automobile shall display at least two lighted lamps on the front? Webster defines the word "front" as follows: "At that part or surface of anything which seems to look out, or be directed forward; the fore or forward part; opposed to the back or rear." Thus applying this definition, we speak of the front yard, or the back yard, thereby meaning that which is in front or the rear of the house. It does not necessarily mean the very foremost part of the front yard, but that which is in front of something else. So in this statute, taking the whole context, we are inclined to believe that the Legislature, in using the words, "on the front," meant that portion of the vehicle in front of the driver or operator of the car, and at such a point in front of the operator as would make the lights visible, in the direction in which he was proceeding, for at least 500 feet. This statute also requires that the operator of the car shall have at least one lamp "on the rear" of such motor displaying a red light visible from the rear. Thus the position of the two lamps are distinguished as two in the front, and one in the rear, and each performs its separate and distinct function. The light is the principal thing. The locations are for the purpose

of rendering the lights visible from the front and from the rear. The location of the lamps in front must be such as renders the light or lights therefrom visible at least 500 feet. The lamp in the rear must be so placed as to shine upon the number plate and render the numerals thereon visible for at least fifty feet from the rear.

The stipulation shows that these defendants had two lighted lamps fastened to the top, and to each side of the dashboard, and in front of the dashboard, facing to the front; that the lamps were lighted and were visible to persons approaching the automobile, from the front at a distance of more than 500 feet; that the seats were behind these lighted lamps; that there was nothing in front of the lamps to obstruct a view of the light; that each of the lamps had a metal substance in the rear part of the lamp and behind the light for the purpose of projecting and throwing the light forward as a reflector.

We think that the stipulation shows a compliance on the part of these defendants, not only with the spirit of the law, but with its letter, and we think therefore that, under the stipulation, the court erred in adjudging the defendants guilty of a violation of section 18, chapter 172, of the laws of the 34th General Assembly, and each of said causes is therefore reversed and remanded for proceedings in harmony with this opinion.

*Reversed* and *Remanded.*

WEAVER, C. J., and DEEMER and WITHROW, JJ., concur.