STATE OF IOWA, Appellant, v. ARTHUR REED, Appellee.

APRIL 3, 1928.

REHEARING DENIED JANUARY 23, 1929.

*John Fletcher*, Attorney-general, and *Blanchard W. Preston*, County Attorney, for appellant.

*McCoy & McCoy*, for appellee.

ALBERT, J.—The defendant was charged by county attorney's information with the crime of manslaughter, in that, in the operation of an automobile, he was criminally negligent, and thereby killed a boy. Defendant entered a plea of not guilty, a jury was sworn, and defendant's counsel, in the opening statement to the jury, asserted that the defendant was less than 18 years of age, and there was no jurisdiction in the district court for that reason, jurisdiction being exclusively in the juvenile court. A colloquy then took place between the court and counsel, and it seems to have been settled that the assertion made by defendant's counsel, that defendant was less than 18 years of age at the time of the trial, was correct. The court thereupon ruled that the district court was without jurisdiction because he found that the defendant was under 18 years of age, and that no proceedings had been instituted in juvenile court; and therefore discharged the defendant. The State appeals.

A study of the various laws relative to this matter in other states having juvenile court laws seems to be of little aid in the determination of the question before us. As we have reviewed these laws, the question that confronts us here is not debatable under some of those laws, because of the specific provisions of the law itself. In some of those states, the juvenile court is given exclusive jurisdiction. In others, the line of demarcation between criminal courts and juvenile courts is not always made clear, and the courts themselves have not agreed upon such line; although there seems to be a fair uniformity that the procedure in juvenile courts, generally speaking, is not a criminal procedure. Criminal courts determine the guilt or innocence of a person accused of crime, and pronounce a penalty if he is found guilty. Juvenile courts are generally intended as a part of the system for dealing with delinquent, neglected, or dependent children, under the theory that they are wards of the state, and, under proper circumstances, to save them from the stigma of conviction for crime. In other words, the purpose of this court is not to punish, but to protect. This seems to be the general theory of the advocates of the juvenile court system.

In the case at bar, we are only interested so far as the question of jurisdiction is concerned. The question of the extent of the powers to be exercised by juvenile courts is not before us for consideration. Whether such powers so conferred

by the statute are powers to which Dean Pound has said "the powers of the court of Star Chamber were a bagatelle in comparison," is not involved in the matter we have before us.

When we turn to our legislation on this proposition, it seems that the legislature is not fully committed to the above distinction between criminal and juvenile courts. The act of the legislature recorded in Chapter 5-B, Title III, Code Supplement, 1913, Section 254-a40, contains the following clause:

"Nothing in this act shall be construed to be in conflict with, or to prevent proceedings under any statute of the state against any person for the commission of any act for which such person may be proceeded against as provided herein, and upon the hearing of any case herein the court in its discretion may order and direct the county attorney to take any and all needful steps to prosecute such person in accordance with the laws of the state concerning the commission of crimes."

A part of this section seems to have been woven into the Code of 1927, Section 3632, which reads as follows:

"In any case after an investigation of the facts and circumstances, the court may, in its discretion, cause the child to be charged with either:

"1. An indictable offense, in which case the court shall proceed to hold a preliminary examination, and shall exercise the powers of other magistrates; or

"2. An offense not triable on indictment, in which case the court may order any peace officer to file forthwith an information against such child and proceed to try the case before a jury of twelve.

"When no regular jury is in attendance at the district, superior, or municipal court, as the case may be, the judge shall cause to be issued by the clerk and served by any peace officer a summons for such number of persons qualified to act as jurors as in his judgment are necessary to secure an impartial jury, allowing to the state and the defendant, each, three peremptory challenges."

It is quite obvious from the last section that the intent of the legislature was not to declare that a child under 18 years of age could not be guilty of a crime, but, at most, to leave to the

juvenile court the discretion to determine whether or not he should be punished therefor.

Chapter 179, Code of 1927, provides for the establishment of a juvenile court in each county, and Section 3605 provides its jurisdiction, as follows:

"There is hereby established in each county a juvenile court, which, and the judges thereof, shall have and exercise the jurisdiction and powers provided by law."

Chapter 180 deals with the care of neglected, dependent, and delinquent children.

Section 3617 thereof provides:

"This chapter shall not apply to any child who is accused of an offense which is punishable by life imprisonment or death, but shall otherwise apply to all children who are not feeble-minded and who are under eighteen years of age and who are not inmates of any state institution or of any institution incorporated under the laws of this state."

Section 3618 defines a "dependent and neglected child," with which subject we are not interested at the present time.

Section 3619 defines a "delinquent child" as any child:

"1. Who habitually violates any law of this state, or any town or city ordinance.

"2. Who is incorrigible.

"3. Who knowingly associates with thieves, or vicious or immoral persons.

"4. Who is growing up in idleness or crime.

"5. Who knowingly frequents a house of ill fame.

"6. Who patronizes any policy shop or place where any gaming device is located.

"7. Who habitually wanders about any railroad yards or tracks, gets upon any moving train, or enters any car or engine without lawful authority."

It will be noticed by the above section that the first subdivision thereof recognizes violations of law of this state or any town or city ordinance, and, if a child comes within the definition above, he is designated as a "delinquent child." There is no specific provision in these statutes giving exclusive jurisdic-

tion to juvenile courts of the matters above referred to, although it might be inferred from the above-quoted Sections 3617 and 3632 that this jurisdiction would be exclusively in the juvenile court.

Section 3634 provides:

"Any child, taken before any justice of the peace or police court, charged with a public offense shall, together with the case, be at once transferred by said court to the juvenile court."

This adds strength to the suggestion that the jurisdiction of the juvenile court is exclusive.

One other section, however, casts serious doubt upon this conclusion. Section 3636, Code of 1927, provides:

"When there is a conviction in the district court of any delinquent child of an indictable offense, the district court may enter judgment thereon, or, if the punishment be not imprisonment for life, or death, it may transfer the cause to the juvenile court. The juvenile court shall have power to proceed with such child under the alternative or mandatory commitments provided in this chapter; but if the results, in the opinion of the court, be not conducive to the public interest and the welfare of the child, it may at any time revoke such orders of commitment and enter such judgment of conviction as the district court might have entered."

From the last cited section it is the logical deduction that the legislative intent was that indictable offenses were to be tried in the district court, and, unless the punishment were life imprisonment or death, it was within the discretion of the district court whether or not the penalty should be attached for the crime, or whether the defendant should be referred to the juvenile court for final disposition of his case thereunder. The quite obvious conclusion from this provision of the statute is that the legislature did not give to the juvenile court exclusive jurisdiction of all children under 18 years of age aside from those punishable by imprisonment for life, or death, which, of course, are, even under this chapter, exclusively for the district court jurisdiction. We think that Subdivision 1 of Section 3632 adds to this conclusion, because that subdivision makes the juvenile court judge a committing magistrate on a preliminary hearing,

in event that the juvenile judge, in the exercise of his discretion, determines that the delinquent child should be indicted.

Under the statutes as they now stand, when an indictment or county attorney's information is filed in the district court, there is no provision for a transfer to juvenile court until after a verdict of guilty is returned. This would carry the thought with it that, had the purpose of the legislature been to make the jurisdiction of the juvenile court exclusive, it would not have enacted the provisions of Code Section 3636. It could have said so in concise language, and thus settled the question beyond cavil. It is a difficult matter to harmonize these conflicting sections, and we are unable to do so, except to hold that a child under 18 years of age may be in the district court under indictment in two ways. If the matter has been taken up by the juvenile court, and the juvenile judge determines that he should be charged with an indictable offense, he should then, acting as a magistrate, conduct a preliminary examination in the usual form, and if he concludes that a public offense triable on indictment has been committed, and there is sufficient reason for believing defendant guilty thereof, the defendant should be ordered held to answer to the grand jury. Or, on the other hand, by reason of Section 3636, above quoted, it is equally obvious that the grand jury may return an indictment (or the county attorney may file an information) with equal force and effect without first submitting the matter to an investigation in the juvenile court, and if it should develop on the trial under the latter procedure that the defendant is under 18 years of age, the district court has the discretion, in event of a verdict of guilty, of attaching the usual punishment, or he may refer the same to the juvenile court for disposition.

It necessarily follows, under the various legislative enactments we have had on this subject, that the legislature was not willing to go so far as to say that a child under 18 years of age cannot be guilty of a crime; nor are we quite convinced that it would be wisdom on the part of the legislature to thus make the jurisdiction of the juvenile court exclusive. An interesting and instructive article on this question will be found in Volume 21 of the Illinois Law Review, page 375.

We reach the conclusion that the jurisdiction of the district court and the juvenile court are concurrent, at least in a

limited way. We do not hold that discretion lodged in the juvenile court can be disturbed by the district court, but we do hold that, where the district court has the usual indictment returned, or county attorney's information filed, even where the child is under the statutory age, it is not necessary to its jurisdiction that it refer or submit the matter to the juvenile court before proceeding under the indictment; for, as we view it, Section 3636 covers this very situation, and after the trial on a return of a verdict of guilty, then, in the prescribed cases, the district court has discretion to determine whether or not the punishment shall be inflicted, or whether the matter shall be returned to the juvenile court for disposition in accordance with the proceedings therein. Under such circumstances, the guilt of the defendant is already adjudicated by the verdict of guilty, and the duty of the juvenile judge is to proceed under the alternative or mandatory commitment provided in this chapter (180) ; and, if the juvenile court shall determine, upon return to it by transfer from the district court, that the results would not be conducive to the public interest or to the welfare of the child, it may enter such judgment of conviction as the district court might have entered.

It is our conclusion, therefore, under the circumstances of this case, that the jurisdiction of the district court had properly attached, and it was the duty of the court to proceed with the trial of the same, and, if the defendant had been convicted by the jury, he then had his discretion to determine whether he would enter judgment on such verdict, or whether he would transfer the same to juvenile court for disposition, as provided by law. Since the district court has discharged the defendant and exonerated his bond, any entry made by us herein can in no way affect him. This opinion can only be a pronouncement of the law in such matters.—*Reversed.*

STEVENS, C. J., and EVANS, FAVILLE, DE GRAFF, MORLING, and KINDIG, JJ., concur.