## ANNA M. ANDERSON v. FARWELL, OZMUN, KIRK & COMPANY AND ANOTHER.[1]

March 31, 1944.

No. 33,713.

[1]Reported in 14 N. W. (2d) 311.

*Thomas J. Spence,* for relator.
*Reynolds & McLeod,* for respondents.

JULIUS J. OLSON, JUSTICE.

*Certiorari* to review an order of the industrial commission denying compensation. The cause was first heard by a referee, who found that the "employee did not [on March 10, 1942] suffer an accidental injury arising out of and in the course" of his employment, and that his death, about a month later (April 12), "bore no causal relationship" to his employment. On appeal to the commission the referee's order was affirmed. We are asked to reverse because the quoted findings are said to be "not in conformity with the terms of the Workmen's Compensation Act and are unwarranted by the evidence."

The record is a voluminous one containing 434 pages. Relator's counsel has prepared a lengthy so-called résumé of what are said to be the facts, which, he asserts, are so firmly established as to negative respondents' claim that, because certain fact issues were resolved in their favor by the statutory triers of fact, the commission's order cannot be overturned.

In matters of this kind this court exercises only appellate jurisdiction. We are not the triers of fact. Our authority is to review

and correct "the proceedings in a cause already instituted" in a lower court or other trial tribunal. The cause does not arise here and does not come before us except as a court of review. The supporting cases bearing upon this phase are found in 1 Dunnell, Dig. & Supp. § 281.

In Swanson v. Alworth, 159 Minn. 193, 194, 198 N. W. 453, we expressed much the same thought in this form: "Appellate courts exist for the purpose not of supervising and directing but of reviewing and correcting the work of trial courts," or such other tribunals as have, in the first instance, statutory authority to hear and determine what the facts are.

■ Relator's brief is a challenge to her opponents to show adequate justification for the result reached below. Apparently we are similarly challenged. Evidently she overlooks the many cases we have decided in the past bearing upon this phase. The gist of our holdings is found in 1 Dunnell, Dig. & Supp. § 414, and cases under note 43. Mr. Dunnell's summation of what our cases hold is brief and to the point:

"Upon an appeal involving the determination of a question of fact by the trial court, it is not the duty of the appellate court to review and discuss the evidence, for the purpose of demonstrating the correctness of the decision of the trial court."

And that, exactly, is the situation here.

■ However, in order that counsel may know that we have neither overlooked the record nor failed to consider his brief, we may add that we have examined both and, as to the facts found below, these find support in the evidence. This is especially true in respect to the medical testimony bearing upon the cause of death of the unfortunate employe.

Writ discharged and order affirmed.