ARTHUR GRIFFIN ETHRIDGE, appellee, v. WILBUR T. HILDRETH, sheriff, and any other person or persons having custody of petitioner, appellants.

No. 50532.

APRIL 3, 1962.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, and Harry Perkins, County Attorney, Polk County, for appellants.

Raymond A. Fenton, of Des Moines, for appellee.

THOMPSON, J.—The petitioner was 17 years of age at all times material to our consideration of the questions involved in this case. On February 16, 1961, a petition was filed in the Polk County juvenile court alleging him to be a delinquent child by reason of having committed the crime of forgery. The district court judge assigned to the juvenile court set hearing on the petition for March 8 next. The petitioner was admitted to the Polk County jail on February 16 and was there detained in quar-

ters set apart for juvenile prisoners. The probation officers of the juvenile court commenced an investigation of facts to be included in their report to the judge at the time of the hearing on March 8.

On March 6, 1961, a county attorney's information charging the petitioner with the crime of forgery was filed in the criminal division of the Polk district court, and on March 7 following he appeared therein, with his counsel, pleaded guilty to the crime of forgery as defined in section 718.1 of the 1958 Code of Iowa, waived time and asked for immediate sentence. After interrogating the petitioner "and being otherwise fully advised in the premises" the criminal court found that the plea should be, and it was, accepted. Sentence of imprisonment in the Men's Reformatory at Anamosa for a period not to exceed ten years was pronounced and judgment entered. Counsel who appeared at that time is not the same as counsel in the present proceedings.

On March 14 thereafter the petitioner brought his writ of habeas corpus in the Polk district court alleging his illegal detention by the defendant sheriff of Polk County. Hearing was had on March 17 and the court sustained the writ, held the criminal conviction to be void and the detention of the petitioner thereunder illegal. The defendant was ordered to hold the petitioner under the order of the juvenile court.

I. Only one question need be determined. The district court sustained the writ on the sole ground that the juvenile court had exclusive jurisdiction of the matter, and so the criminal division of the district court was without jurisdiction. Questions as to whether the juvenile court is a separate court or is in fact a branch of the district court, and further whether the petitioner waived or could waive objections to the jurisdiction of the sentencing court are argued; but as we view the case it is unnecessary to decide them. We hold the jurisdiction concurrent.

II. The situation here is ruled by our holding in State v. Reed, 207 Iowa 557, 218 N.W. 609. It is true that in this case the criminal division of the district court first acquired jurisdiction; that is, the criminal charge was first filed, and the contention made that the juvenile court has exclusive jurisdiction. But our holding was not based on the matter of priority. It was

squarely held that the jurisdiction of the criminal division of the district court and that of the juvenile court when a child under 18 years of age is to be charged with a crime are concurrent. We pointed out the provisions of what was then section 3636 of the Code, now section 232.20, Code of 1958. We quote this section:

"Indictment or conviction of crime—alternative procedure. When there is an indictment or a conviction in the district court of any delinquent child of an indictable offense, the district court may, before judgment, if the punishment be not imprisonment for life, or death, transfer the cause to the juvenile court. The juvenile court shall have power to proceed with such child under the alternative or mandatory commitments provided in this chapter; but if the results, in the opinion of the court, be not conducive to the public interest and the welfare of the child, it may at any time revoke such orders of commitment and enter such judgment of conviction as the district court might have entered."

We then said: "From the last cited section it is the logical deduction that the legislative intent was that indictable offenses were to be tried in the district court, and, unless the punishment were life imprisonment or death, it was within the discretion of the district court whether or not the penalty should be attached for the crime, or whether the defendant should be referred to the juvenile court for final disposition of his case thereunder. The quite obvious conclusion from this provision of the statute is that the legislature did not give to the juvenile court exclusive jurisdiction of all children under 18 years of age aside from those punishable by imprisonment for life, or death * * *." Loc. cit. 207 Iowa 561, 218 N.W. 610.

Further language to the same effect is this:

"It necessarily follows, under the various legislative enactments we have had on this subject, that the legislature was not willing to go so far as to say that a child under 18 years of age cannot be guilty of a crime; nor are we quite convinced that it would be wisdom on the part of the legislature to thus make the jurisdiction of the juvenile court exclusive. * * *

"We reach the conclusion that the jurisdiction of the dis-

trict court and the juvenile court are concurrent, at least in a limited way." Loc. cit. 207 Iowa 562, 563, 218 N.W. 611.

Following this, we held that the district court has discretion to decide whether the punishment should be inflicted or the matter *returned* to the juvenile court for disposition. (Italics supplied.) As we understand the Reed case, it holds the jurisdiction of the two courts is concurrent; that there was no intent on the part of the legislature that a minor under 18 cannot be guilty of a crime which would be the result if the juvenile court were held to have exclusive jurisdiction and it did not see fit to refer the matter to the district court for disposition of the criminal charge; and the phrase "or whether the matter shall be returned to the juvenile court for disposition" has considerable significance. State v. Reed, supra, loc. cit. 207 Iowa 563, 218 N.W. 611. We think the Reed case is in point and are not persuaded we should depart from it.

 III. The district courts in Iowa have jurisdiction of indictable offenses. Section 769.1, Code of 1958. The juvenile court does not have such jurisdiction, except to sit as a committing magistrate. Section 232.16 (1). The juvenile court proceedings are otherwise not in any sense criminal, but are special proceedings looking to the care, education and training of the child. Wissenburg v. Bradley, 209 Iowa 813, 816, 229 N.W. 205, 207, 67 A. L. R. 1075. It is evident, therefore, that the district court has sole jurisdiction of felony offenses. The proceedings in the district and juvenile courts are different proceedings with different purposes. We are not persuaded that anything in our statutes pertaining to juvenile courts and their jurisdiction is intended to deprive the district court of its jurisdiction to try juveniles accused of felonies. The district court is given the right to transfer the cause to the juvenile court after a child has been convicted of an indictable offense if it is so advised; and this also leads to the thought that its jurisdiction is not lost by any statutes pertaining to juvenile court procedures. We do not think the legislature, by enacting the juvenile court statutes, intended to grant a juvenile immunity from punishment for a felony committed, except in the discretion of the district court. —Reversed.

All JUSTICES concur except BLISS, J., not sitting.