STATE OF IOWA, appellee, v. FRANK STUEVE, appellant.

No. 52393.

(Reported in 150 N.W.2d 597)

1024

MAY 2, 1967.

REHEARING DENIED JULY 10, 1967.

Lloyd E. Humphreys of Shuttleworth & Ingersoll, of Cedar Rapids, for appellant.

Richard C. Turner, Attorney General, Stephen C. Robinson, Assistant Attorney General, and Jack M. Fulton, Linn County Attorney, for appellee.

LARSON, J.—The record before us discloses that Frank Stueve, a young man just under 18 years of age, was, on June 20, 1966, charged by county attorney's information with the crime of larceny of a motor vehicle in violation of section 321.82 of the 1962 Code; that pursuant to a bench warrant he was taken into custody on June 25, 1966, arraigned on July 1, 1966, and an attorney was appointed to represent him; that he pleaded not guilty and, upon his application, was on July 12, 1966, sent to the Mental Health Hospital at Independence for psychiatric examination. It also appears that upon his return from the hospital he filed a motion on August 10, 1966, asking that he be tried as a juvenile, which after hearing was denied. Reserving an exception, defendant entered a plea of guilty after his 18th birthday, and on August 12, 1966, was sentenced to an indeterminate term not to exceed ten years in the state reformatory and was paroled to the Iowa Board of Parole. Defendant appeals. We affirm.

Assigned as error herein were (1) the district court's refusal to classify defendant as a juvenile when it appeared he was not yet 18 years of age when the alleged offense was committed; (2) the court's refusal to hold that under chapter 232 of the 1962 Code as amended, now chapter 232 of the 1966 Code, the defendant must be treated as a juvenile and not as an adult triable under the criminal laws of the state; and (3) the court's refusal to comply with the procedural requirements set forth in chapter 232 of the Code.

I. Primarily this dispute involves the statutory interpretation of chapter 232, Code 1966, entitled "Neglected, Dependent and Delinquent Children." Only the question raised by the second assignment need be determined at this time. It is whether under the provisions of chapter 232, as amended, the juvenile court was given exclusive jurisdiction of a minor under 18 years of age who commits a public offense classified as a felony or indictable misdemeanor, so that the criminal division of the district court is without jurisdiction to consider the matter. We are thus asked to reverse the judgment of the trial court on the ground that it was without jurisdiction of the defendant or the subject matter of the action, and to hold the court erred in overruling defendant's timely motion to transfer the matter to the juvenile court for investigation, trial and commitment, if found delinquent by that court. Chapter 231, Code 1962, now 1966.

Under the provisions of chapter 232 prior to amendment by the Sixty-first General Assembly, we held that jurisdiction of the juvenile court and the district court to consider criminal matters involving children was concurrent. Ethridge v. Hildreth, 253 Iowa 855, 857, 114 N.W.2d 311; State v. Reed, 207 Iowa 557, 218 N.W. 609. Unless, then, chapter 215, Laws of the Sixty-first General Assembly, amending the former chapter 232, expressed a different jurisdictional intent, those decisions appear applicable here. Although some provisions in the new chapter 232 are different from those in the old law, and it is now applicable to children accused of any crime, including murder, it is significant, we think, that the recent enactment included a provision now known as section 232.62 of the 1966 Code, which provides: "The criminal court shall have concurrent jurisdiction with the

juvenile court over children less than eighteen years of age who commit a criminal offense." This provision seems to reject the idea that the jurisdiction of the juvenile court is to be primary or exclusive in such cases.

██ ██ The State contends, and we agree, that section 232.62 is a clear pronouncement that the prior jurisdictional decisions of this court were approved by the legislature and were incorporated in the new law, and that it expresses the legislative intent that a juvenile under 18 years of age, charged with a crime, may be brought before either the district court or the juvenile court for trial. We have often said it is fair to assume that the legislature, at the time of the enactment or reenactment of a statute, was advised of the prior holdings of this court, and that it would have specifically altered our interpreted intention if it so desired. Hale v. Iowa State Board of Assessment and Review, 223 Iowa 321, 332, 271 N.W. 168. As bearing on this matter of legislative intent, see also Bergeson v. Pesch, 254 Iowa 223, 228, 117 N.W.2d 431. We are satisfied that, by adding section 232.62 to the present juvenile law, the legislature not only approved our interpretation of the Iowa law but clearly expressed the desire that both of these courts have equal and concurrent jurisdiction to consider such juvenile matters thereafter.

██ It will serve no useful purpose to repeat the logic expressed in Ethridge, but we should keep in mind that district courts in Iowa have jurisdiction of all indictable offenses. Section 769.1, Code 1962, and section 6, Article V, of the Iowa Constitution. Although it is doubtful that these provisions in our law can be substantially altered by any other manner than direct amendment, it is not doubted that before the jurisdiction of the district court is curtailed or limited, a clear and specific legislative intent to do so must appear. We find no such intent expressed in the new chapter 232, but find the clear intent is otherwise. The amendment adopted by the Sixty-first General Assembly does not specifically grant exclusive jurisdiction of such cases in the juvenile court, and we must agree with the State that, if such was the desire of the legislature, it could clearly state that requirement. We conclude that was not the

1028

legislative intent in this amendment. See opinion of Attorney General dated November 2, 1965.

II. Juvenile court proceedings are not in any sense criminal. As often stated, they are and have always been special proceedings looking to the care, education and training of the child. In re Morrison, 259 Iowa 301, 144 N.W.2d 97; Wissenburg v. Bradley, 209 Iowa 813, 816, 229 N.W. 205, 207, 67 A. L. R. 1075.

Not only the purpose, but the procedure in the district and juvenile courts, is different. They should not be mixed. Certainly the purposes of the juvenile court are laudable and are very necessary in our present society. The Iowa legislature recognized this fact and wisely enlarged the power and duty of the juvenile court, but in so doing did not intend to deprive the district court of its jurisdiction to try juveniles accused of indictable offenses. This is not the situation where the legislation specifically provides that juvenile courts have exclusive jurisdiction to consider all complaints against the juvenile as is sometimes found in juvenile court acts. See annotations, 89 A. L. R.2d 506–527 and 48 A. L. R.2d 663–701. Even in such instances the courts generally hold that unless the juvenile court acquires and accepts jurisdiction of the child before the district court does, it does not bar district court action.

The fact that the acts of the juvenile might indicate he is a delinquent and authorize the juvenile court to take charge of him as such will not relieve him of the consequences of his crime or abridge the right of the grand jury or county attorney to charge him with the crime. Although a child who commits a felony may be found to be delinquent he may also be guilty of a crime. See State v. McCoy, 145 Neb. 750, 18 N.W.2d 101.

In the case at bar the defendant was not taken before the juvenile court, but was arrested on a bench warrant and taken into the district court. The district court alone acquired jurisdiction, and later refused to refer the defendant and the charge against him to the juvenile court. The juvenile court made no attempt to exercise jurisdiction over him. Unless the trial court abused its discretion in refusing to transfer the case on motion, this judgment must be affirmed. For a like case and decision, see

Gerak v. State, 22 Ohio App. 357, 153 N.E. 902, where it was held a boy of 17 years, who killed another while committing burglary, could be indicted and tried only in the district court. It was there pointed out the district court's purpose was to try the child for a crime and punish him if found guilty. That offense required district court action. Also see State v. Doyal, 59 N. M. 454, 286 P.2d 306.

We are satisfied in Iowa the juvenile court's function is not to try the child as a criminal but to try him as a delinquent and to provide for his control and direction if needed. Different procedures, of course, are necessary, and it is apparent the authorities that may prefer charges in these courts are designated and often differ.

III. In his third assignment appellant complains of the court's refusal to follow the procedures set forth in chapter 232 as amended, and seems to contend those procedures must be followed prior to the time of decision as to whether the juvenile be tried in the juvenile court or the district court. While we shall not set out or consider each of the 62 sections in this chapter, we are satisfied they refer only to the procedure in the juvenile court and do not prescribe or change in any way the procedure to be followed in bringing criminal matters before the district court. While section 232.62 does refer to the jurisdiction of the district court to try juveniles under 18 years of age, its purpose and meaning in this chapter, as we have pointed out, is to resolve the issue of jurisdiction which might be questioned as it had been before the new chapter was adopted. Probably it was added as a precaution as emphasis of the legislature's intent that juvenile court provisions therein enacted were not meant to deprive the district court of its jurisdiction or power to consider and try indictable offenses involving juveniles under 18 years of age, or in any way interfere with the exercise of that jurisdiction when acquired by proper means and authority.

Defendant complains of the power permitted a county attorney to bring these cases to the district court, but we must point out this is not an arbitrary power. He must have the approval of the judge of the district court to file a true information against anyone. Section 769.8 of the Code.

1030

Section 232.61 does provide that any child taken before a justice of the peace or police court charged with a public offense shall, together with the case, be at once transferred by that court to the juvenile court for its consideration. This is more or less like a binding-over procedure. As appellee points out, this does not mean the juvenile court must try the case, nor that this procedure is exclusive. True, if such child and the case are referred to the juvenile court, it is required to make a preliminary investigation of the facts and then on complete examination, if it believes the child may be delinquent, order the county attorney or probation officer to file a petition to declare the child delinquent. Section 232.3, Code 1966.

Section 232.17 provides for detention of the child held for the juvenile court and states: "* * * No child may be held longer than forty-eight hours after the taking into custody unless a petition has been filed and the judge determines that the child shall remain in custody *or unless the court refers the matter to the prosecuting authority for proper action in the criminal court.* * * *." (Emphasis added.)

Appellant contends these sections disclose an intent that all juveniles under the age of 18 years must be first sent to the juvenile court, and it is then to decide in its discretion whether it will exercise juvenile jurisdiction or send the child and the case to the district court for criminal action. He cites the case of State ex rel. Knutson v. Jackson, 249 Minn. 246, 82 N.W.2d 234, but admits the statute therein considered is not the same as ours. Its specific provision on exclusive jurisdiction is like those referred to in Division II. In any event, we think appellant claims too much for these procedural sections and fails to give the expression "concurrent jurisdiction" in section 232.62 the clear and judicially express meaning of the term as used therein.

It is true that by this Act a child who commits a felony or a public offense is subject to being determined a delinquent, but this does not mean that by being so declared it is tantamount to a declaration that he is not a criminal. He may be both, and the legislature in its wisdom can allow the juvenile court and the district court to exercise concurrent jurisdiction in such matters.

"Concurrent jurisdiction", it is said, means that

jurisdiction exercised by different courts, at the same time, over the same subject matter, and within the same territory, and wherein litigants may, in the first instance, resort to either court indifferently. Murray v. City of Roanoke, 192 Va. 321, 64 S.E.2d 804, 808. We are satisfied here it means that either court may consider acts of the juvenile under age 18 years, that one may try him for delinquency and commit him for suitable training and control, and the other may try him as a criminal and provide suitable punishment for the offense. In reality, these jurisdictions do not conflict. One court provides care and proper parental treatment, and the other punishes for a crime. The latter, in the absence of a specific prohibition, can prosecute such a juvenile charged with an indictable offense whether he is free or in the custody of the juvenile authorities at that time. In other words, we find no provision in chapter 232, as amended, which deprives the district court of its jurisdiction to try criminal matters properly brought before it by grand jury or authorized county attorney charges. It is our conclusion that the procedure set forth in chapter 232 refers to and is applicable only to charges properly brought in the juvenile courts of the state.

IV. Juvenile courts have a very important place in our society. It has been said this is "the most outstanding improvement in the administration of criminal justice since the signing of the Magna Charta." 31 Am. Jur., Juvenile Courts, section 2, page 296. The purpose is to find the child that has begun to go wrong, who has broken a law or ordinance, take him by the hand as a protector or guardian, and lead him in the ways of good citizenship. The intervention of the public authorities is compelled because of the failure of others to properly guide him. It is quite clear children charged with a public offense, who are brought before the juvenile court, are not being prosecuted as criminals, and the procedure set out is not criminal in nature. The object is to aid, not punish, the child, and of course no jury is required and no criminal record is established against one committed under the provisions of this law. On the other hand, as we have pointed out, it cannot be said this juvenile court has been given exclusive or even original jurisdiction of all children under 18 years of age who commit a crime. Jurisdiction of these

courts is not to be classified as primary or secondary. To decide otherwise would constitute a holding that the legislature intended to abandon all criminal prosecutions of juveniles under the age of 18 years, except at the discretion of the juvenile judge who must decide whether the district court could or could not try a child under 18 years of age for a crime. Since this legislation does not so provide, we need not consider the legality of such an enactment.

V.   Appellant's first assignment raising the question as to the time jurisdiction changes from the juvenile court to the district court for final disposition also need not be decided here. As to whether it is at the time the offense was committed or at the time of arraignment or trial, there is a split of authority. See annotation, 89 A. L. R.2d 510, 511. It is true, in passing on a similar matter, we held in DeKay v. Oliver, Judge, 161 Iowa 550, 553, 143 N.W. 508, the district court jurisdiction attached upon the filing of the information. However, it appears these questions arise only where it is held the juvenile courts have primary and exclusive jurisdiction of a child under a given age, and that is not the case at bar.

VI.   We conclude under our laws this young man, then 17 years of age, who admitted he stole an automobile in Cedar Rapids, is guilty of a crime, that the crime is one for which the grand jury could indict him, or the county attorney could, with permission of the court, file a criminal charge, and that the district court had the authority to try him on this charge and did not abuse its discretion in refusing to refer the matter to the juvenile court. Upon his voluntary plea of guilty, the sentence was proper. Having found no reversible error, the judgment of the trial court must be affirmed.—Affirmed.

GARFIELD, C. J., and SNELL, MOORE, STUART, MASON and RAWLINGS, JJ., concur.

BECKER, J., dissents.

THORNTON, J., not sitting.

BECKER, J.—I respectfully dissent. The core of the majority's holding is contained in the following passage: "On the

other hand, as we have pointed out, it cannot be said this juvenile court has been given exclusive or even original jurisdiction of all children under 18 years of age who commit a crime. Jurisdiction of these courts is not to be classified as primary or secondary. To decide otherwise would constitute a holding that the legislature intended to abandon all criminal prosecutions of juveniles under the age of 18 years, except at the discretion of the juvenile judge who must decide whether the district court could or could not try a child under 18 years of age for a crime. Since this legislation does not so provide, we need not consider the legality of such an enactment."

I believe the legislature did intend and in fact did provide that determination of the question as to whether a child is to be treated as a child in juvenile court or as an adult in criminal court should be left exclusively in the hands of the juvenile court. It is submitted that careful review of both chapters 231 and 232, as now reenacted, will bear this out. Further the failure of the legislature to repass parts of old chapter 232 makes our former pronouncements of doubtful validity now.

Before proceeding to the detailed review of the various statutory sections we should take a broad look at what we do here. We acknowledge the enlightened and beneficent purpose and result of the juvenile law but we rest its applicability to given individuals in the hands of the prosecutors, not in the hands of the courts where it belongs.

The majority's treatment of this objection is unsatisfactory. "Defendant complains of the power permitted a county attorney to bring these cases to the district court, but we must point out this is not an arbitrary power. He must have the approval of the court to file a true information against anyone. Section 769.8 of the Code."

The approval of what court? The personnel of the juvenile court and of the district court are not necessarily the same. Indeed under chapter 231 it is the mandatory duty of the judges in the larger districts to designate one of their number as juvenile court judge or appoint a superior or municipal court judge to handle those duties. If the juvenile court and the district court are one and the same, does the act of designating the

municipal court as juvenile judges raise those judges to the level of the district court? Or do we take the juvenile court law as it is written; i.e., creating a separate court under a separate chapter with a separate staff of probation officers, physicians and nurses created for special and separate purposes?

In any event the county attorney may get approval of his county attorney's information from any one of several district court judges (who may not even know the accused is a juvenile), or he may proceed directly to the grand jury (bypassing approval by the court). Thus the efficacy of the juvenile law is lost to the individual, not on the basis of judgment by the court, whose business it is to judge, but on the basis of judgment by the county attorney, whose business it is to prosecute.

I believe that several of the new juvenile court statutes show that the above result was not intended, indeed that the legislature sought to avoid that very result.

Section 232.17 provides: "If a child is not released as provided in section 232.16, the person taking the child into custody shall notify the court as soon as possible of the detention of the child and the reasons for the detention. The child shall be taken immediately to a place of detention specified in section 232.18 and may be held for not longer than twenty-four hours after the taking into custody unless an order for detention specifying the reason for the detention is signed by the judge. No child may be held longer than forty-eight hours after the taking into custody unless a petition had been filed and the judge determines that the child shall remain in custody or unless the court refers the matter to the prosecuting authority for proper action in the criminal court. The parents, guardian, or custodian of the child shall be notified of the place of detention as soon as possible. If continued detention is not ordered, the court or designated officer shall release the child in the manner provided in section 232.16."

Section 232.19 provides: "Detention in jail—when. No child shall at any time be confined in a police station, lockup, jail, or prison except that a child may be detained for the purpose of protective custody for a period not to exceed twelve hours or a child fourteen years of age or older may upon the

order of the judge be temporarily confined in a room entirely separate from adults in an adult detention facility. A child may be detained in an adult detention facility upon order of the judge only if the child is alleged to be delinquent and has shown by his habits, conduct, or conditions that he constitutes a menace to himself or society to the extent that he cannot be released or cannot be detained in a place designated in subsections 1, 2, or 3, of section 232.18."

Section 232.20 states: "Notice to court by custodian of jail. The sheriff, warden, or other official in charge of a jail or other facility for the detention of adult offenders or persons charged with crimes shall inform the juvenile court immediately when a child who is or appears to be under eighteen years of age is received at the facility."

Section 232.61 states: "Mandatory transfer from justice court. Any child taken before any justice of the peace or police court charged with a public offense shall, together with the case, be at once transferred by said court to the juvenile court."

It would seem that these mandatory provisions that the juvenile court be notified as soon as a child is taken into custody, that justice of peace and police courts must transfer jurisdiction immediately to the juvenile court, that the jailer shall immediately notify the juvenile court when he has a person who *even appears to be under the age of 18 years,* all contemplate that the county attorney will not be able, on his own motion, to go into the adult criminal court and swear out an information before the juvenile judge can act. Nor does it seem that the county attorney should be able to do this on his own initiative after the juvenile court has acquired jurisdiction. Otherwise what is the purpose of the hearing clearly contemplated in section 232.27 where it is said in part "* * * except that if the hearing involves a child charged by information or indictment with the commission of a felony, persons having a legitimate interest in the proceedings, including responsible representatives of public information media, shall not be excluded from such hearings."?

Naturally the need for section 232.62 giving juvenile court and criminal court concurrent jurisdiction is present. If the

juvenile court judge (the only proper person to make the determination) does decide that the youth should be tried as an adult, this concurrent jurisdiction is necessary. But this should not mean concurrent original jurisdiction. The whole purpose of chapter 232, as now written, contemplates that the criminal court's jurisdiction should not commence until the juvenile court judge orders trial in criminal court under the powers conferred in section 232.17. "* * * or unless the court refers the matter to the prosecuting authority for proper action in the criminal court."

The majority relies on State v. Reed, 207 Iowa 557, 218 N.W. 609, and Ethridge v. Hildreth, 253 Iowa 855, 114 N.W.2d 311. The Ethridge case depends on the Reed case. The Reed case depends in large part on former section 3636, Code 1927, later designated as section 232.20, which was repealed by the Acts of the Sixty-first General Assembly (1965), chapter 215, section 1, and was not replaced by a comparable statute. This heavy reliance on the now repealed statute appears in part at 207 Iowa, loc. cit. 561, 562:

"This adds strength to the suggestion that the jurisdiction of the juvenile court is exclusive.

"One other section, however, casts serious doubt upon this conclusion. Section 3636, Code of 1927, provides:

" 'When there is a conviction in the district court of any delinquent child of an indictable offense, the district court may enter judgment thereon, or, if the punishment be not imprisonment for life, or death, it may transfer the cause to the juvenile court. The juvenile court shall have power to proceed with such child under the alternative or mandatory commitments provided in this chapter; but if the results, in the opinion of the court, be not conducive to the public interest and the welfare of the child, it may at any time revoke such orders of commitment and enter such judgment of conviction as the district court might have entered.'

"* * * It is a difficult matter to harmonize these conflicting sections, and we are unable to do so, except to hold that a child under 18 years of age may be in the district court under indictment in two ways. If the matter has been taken up by the juve-

nile court, and the juvenile judge determines that he should be charged with an indictable offense, he should then, acting as a magistrate, conduct a preliminary examination in the usual form, and if he concludes that a public offense triable on indictment has been committed, and there is sufficient reason for believing defendant guilty thereof, the defendant should be ordered held to answer to the grand jury. Or, on the other hand, by reason of Section 3636, above quoted, it is equally obvious that the grand jury may return an indictment (or the county attorney may file an information) with equal force and effect without first submitting the matter to an investigation in the juvenile court, and if it should develop on the trial under the latter procedure that the defendant is under 18 years of age, the district court has the discretion, in event of a verdict of guilty, of attaching the usual punishment, or he may refer the same to the juvenile court for disposition."

With section 3636 eliminated it is reasonable to believe that the legislature intended a new approach; i.e., initial exclusive control in the juvenile judge.

Ethridge v. Hildreth, supra, also decided before the 1965 amendment, relies entirely on former section 3636 and on State v. Reed, supra. Under the circumstances the only validity that those two cases can have in this case is to indicate a new legislative intent; i.e., that the only committing magistrate with power to refer a juvenile for adult criminal trial is the juvenile court. This seems to be the only logical conclusion when we consider:

(1) That the new juvenile section 232.17 provides: "No child may be held longer than forty-eight hours after the taking into custody unless a petition has been filed and the judge determines that the child shall remain in custody *or unless the court refers the matter to the prosecuting authority for proper action in the criminal court.*" (Emphasis added.)

(2) Jurisdiction of police courts and justice of peace courts over juveniles is abolished (except for traffic violations).

(3) Former section 3636 was not reenacted or its sense substituted in any other section of the new chapter.

I would reverse this case for juvenile hearing so that the juvenile court, and only the juvenile court, can determine whether this person is to be tried as an adult or handled in the juvenile court as a minor under the age of 18.