**STATE of Iowa ex rel. Ray A. FENTON, Polk County Attorney, Appellee,**

v.

**Arthur DOWNING, Lawrence Putney, Irene Smith, Members of the Iowa State Board of Social Welfare, Individually, and the Iowa State Board of Social Welfare, An Agency of the State of Iowa, Appellants.**

No. 52817.

Supreme Court of Iowa.

Jan. 9, 1968.

Rehearing Denied March 5, 1968.

Richard C. Turner, Atty. Gen., Lorna Lawhead Williams, Sp. Asst. Atty. Gen., for appellants.

Ray A. Fenton, County Atty., and C. L. Becker, Asst. County Atty., for appellee.

SNELL, Justice.

This is an appeal in a civil action in the nature of Quo Warranto challenging the authority of the State Board of Social Welfare to discharge the Polk County Welfare Director for refusing to accept a transfer to a position with the State Board.

There is no conflict in the evidence. There was evidence in connection with preliminary matters but the issues were decided on adjudication of law points. From an adverse determination the State Board and the members thereof have appealed.

Leland Ahern has been Polk County Director of Social Welfare for about 20 years. His qualifications for the position are not challenged. There has been no criticism of his administration nor complaint about the administration of the office. In the opinion of members of the county board satisfactory replacement would be difficult.

The funds for the various welfare programs administered in Polk County by and through the county board under the supervision of the State Board in 1966 were derived from the following sources:

Federal contribution $4,511,645.71

State contribution $2,461,277.97

County contribution $1,126,337.96

While not the major contributor the county has a substantial interest therein.

The Polk County Board has 140 employees supervised by the county director.

Some time prior to March 15, 1967 the State Board attempted to assign Mr. Ahern to another position. He did not accept the reassignment. Thereupon the State Board gave notice that he was discharged effective March 15, 1967.

Within a few days this action on the relation of the county attorney of Polk County was brought.

The trial court held that the members of the State Board exceeded their authority in attempting to discharge Mr. Ahern. Relief implementing this conclusion was granted.

The State Board and the members thereof will be referred to as appellant.

Appellant attacked and now attacks plaintiff's position and the trial court ruling from many angles and separate premises, including what the law should be for efficient administration. Many authorities are cited.

We commend the resourcefulness, diligence and research of appellant's counsel, but this cannot overcome what the legislature has said.

In the field of legislative interpretation it is not for us to rule according to what the legislature might have said. We must rule according to the meaning of what the legislature has said and done.

Defendant-appellant in the motion for adjudication of law points raised many propositions and asserted that a ruling on the motion would dispose of the entire proceedings. The trial court agreed but did not consider it necessary to rule on all of the many points of law raised.

The ruling was confined to the points essential to disposition.

We agree with the trial court and affirm.

The basic and ultimate question is the power of the State Board to remove a county director, by transfer or otherwise, at the discretion of the board.

The trial court in a written opinion ably and extensively considered the issues, statutes and appropriate authorities. We adopt much therefrom.

I. As an agency of the State, appellant claims immunity from suit. Where the purpose of the suit is to require the officers and agents of the State to perform their duties, there is no immunity recognized. Collins v. State Board of Social Welfare, 248 Iowa 369, 373, 81 N.W.2d 4. An agency of the State is not immune from a suit seeking to require the members to perform their duties according to law. Collins v. Board, supra; Pierce v. Green, 229 Iowa 22, 294 N.W. 237, 131 A.L.R. 335. In Pierce v. Green, supra, at p. 33, 294 N.W. at p. 245 of the Iowa Reports, the Court said, quoting from Hoover v. Iowa State Highway Commission, 207 Iowa 56, 222 N.W. 438: "Clearly the power of the courts to restrain state officials from violating plain provisions of the statute and Constitution is in no way derogatory to the general and well-recognized rule that the state cannot be sued without its consent." This principle applies squarely to the case before us. If the statute does not empower the State Board to remove a County Director, then doing so or attempting to do so is a violation of the statute.

II. Appellant contends that this action is barred by estoppel, waiver and laches. The necessary elements for the application of these doctrines are wholly lacking. There was not even any delay in starting this action. It was started within a few days after the attempted discharge by the State Board.

III. It is argued by appellant that without the power to discharge the state board *may* fail to comply with Federal requirements for participation in Federal funds. There is nothing in the record before us to so indicate and the question is not before us. In any event that is a matter for the consideration of the legislature with which this court cannot interfere. "This court has no power to write into the statute words which are not there." Iowa Public Service Company v. Rhode, 230 Iowa 751, 754, 298 N.W. 794, 796.

IV. Appellant argues that the court has no authority to interfere with a discretionary act of an administrative board. That is true as a general proposition but it does not follow that the court may not interfere when an administrative board attempts to act beyond its power.

V. Appellant's counsel has ably and exhaustively briefed and argued the principles and incidents of the common law relationship of employer and employee. But neither the State Board nor the County Board are persons, either private or corporate. They are creatures of statute. They owe their existence to the statute, and have those powers and duties, and only those powers and duties, given them by the language of the statute. Therefore, rules of statutory construction must be applied, and the common law rules of agency, master and servant, etc., are not controlling.

In determining the meaning of a word in a statute, the statute should be considered as a whole. State v. Bauer, 236 Iowa 1020, 20 N.W.2d 431. In determining the meaning of "employ" as used in section

234.12, it is helpful to consider the language of section 234.6. Section 234.12 provides that: "The county board shall employ a county director and such other personnel * * *." Section 234.6 provides: "It (the State Board) may employ necessary personnel." Thus, two separate employers are created by the statute, the state board and the county board, and two classes of employees, state board employees and county board employees. Persons employed under the authority of section 234.6 are employees of the state board. It must follow that those employed under the authority of section 234.12 are employees of the county board.

VI. The statutory law involved is found in chapter 234, Code of Iowa.

Section 234.2 provides:

"State department of social welfare There is hereby created a state department of social welfare which shall consist of a state board of social welfare, and such other officers and employees as may be hereafter provided."

Section 234.6 outlines the power and duties of the state board and provides, among other things, "The state board shall * * exercise general supervision over the county boards of social welfare and their employees."

Section 234.9 provides that the board of supervisors of each county shall appoint a county board of social welfare. The statute provides for the membership of the board.

Section 234.12 provides:

"County board employees The county board shall employ a county director and such other personnel as is necessary for the performance of its duties. The number of employees shall be subject to the approval of the state board. The county director and all employees shall be selected solely on the basis of the fitness for the work to be performed, with due regard to experience and training. * * *"

Prior to July 4, 1959 section 234.12 also provided procedure by which the state board might direct the discharge of a county board appointee. Chapter 172, Laws of the 58th General Assembly struck that part of the statute with the result that the chapter is now silent as to who may discharge the county director.

Appellant relies heavily upon our holding in Hjerleid v. State, 229 Iowa 818, 295 N. W. 139, decided in 1940. In that case the only question was whether claimant was an employee of the county or of the state.

The factual situation, the statutes and authorities were extensively reviewed and it was held that claimant was an employee of the state.

The reasoning in the case is persuasive and might well be controlling except for the fact that since then the legislature has changed the statute.

It is presumed that a change in the language of a statute indicates a legislative intent to change the law. In Crawford v. Iowa State Highway Commission, 247 Iowa 736, 742, 76 N.W.2d 187, this appears:

"On this question 50 Am.Jur., Statutes, Section 357, states as follows: 'In the construction of statutes, the courts start with the assumption that the legislature intended to enact an effective law, and the legislature is not to be presumed to have done a vain thing in the enactment of a statute. * * *'

"In 82 C.J.S. Statutes, § 384, page 904, we find the following general statement: 'It will be presumed that the legislature, in adopting an amendment, intended to make some change in the existing law, and therefore the courts will endeavor to give some effect to the amendment.'"

The elimination by the 58th General Assembly of that portion of section

234.12 which gave the state board specific authority to review appointments and direct the discharge of employees, appears to be a clear expression of the legislative intent to overrule Hjerleid insofar as it applies to the facts in this case, and to return the power of discharge to the county board, where it clearly lies under the plain language of chapter 234 as amended. Chapter 172, Laws of the Fifty-eighth General Assembly, deleted the power of the state board to discharge, but left intact the language of section 234.12 which gives the county board power to employ.

■ It will not be presumed that useless and meaningless words are used in a legislative enactment, and a construction holding that the legislature enacted a meaningless provision should be avoided if possible. Holzhauser v. Iowa State Tax Commission, 245 Iowa 525, 535, 62 N.W.2d 229; State ex rel. Bd. of Pharmacy Examiners of State v. McEwen, 250 Iowa 721, 728, 96 N.W.2d 189. By leaving the county board the power to "employ", the legislature is presumed to have intended that this be a meaningful, usable power. If the state board can dismiss county directors at will, the power of the county board to employ becomes a meaningless, empty form, since the state board, through its power to discharge, could in fact name the county director. Had the legislature intended to give the state department this power it could have easily done so. Since it did not, and since the power of the state to discharge as formerly contained in section 234.12 has been repealed, leaving intact in the same section the power of the county board to employ, it follows that the power to discharge lies with the county department and not with the state department.

The case is affirmed.

Affirmed.

All Justices concur, except BECKER, J., who takes no part.