**Theodore R. MALLORY, Petitioner,**

v.

**Honorable George M. PARADISE, Judge of
the District Court of Woodbury
County, Respondent.**

No. 53589.

Supreme Court of Iowa.

Dec. 9, 1969.

Edward L. Moran, Sioux City, for petitioner.

Edward F. Samore, County Atty., and Edward F. O'Brien, Asst. County Atty., Sioux City, for respondent.

LeGRAND, Justice.

There are no factual disputes in this certiorari proceeding challenging an order of the respondent court. On August 5, 1968, Theodore R. Mallory was charged with the crime of assault with intent to commit great bodily injury. (Section 694.6, Code of Iowa.) He appeared in municipal court for preliminary hearing without counsel. He was bound over to the grand jury and was indicted for the alleged crime. On September 10, 1968, he appeared for arraignment in the district court of Woodbury County, at which time Edward L. Moran was appointed to represent him. At the arraignment it appeared for the first time that Mallory was only 17 years of age.

A petition was filed asking removal of the case to juvenile court under the provisions of chapter 203, section 15, Laws of the Sixty-second G.A. (1967).

After hearing on the petition, a factual determination was made that Mallory was indeed 17 years of age. His application for transfer to juvenile court was denied. Thereafter this petition for writ of certiorari was filed.

It is alleged the ruling of the Woodbury district court in refusing to transfer the case to juvenile court was "illegal, arbitrary, erroneous and in excess of its jurisdiction."

This involves a determination, once more, of the procedure to be followed when one under 18 years of age commits an offense punishable under our laws as a crime. The petitioner insists he must first be taken to juvenile court while the respondent argues the county attorney has discretion to bring criminal charges in district court as an original proceeding.

Chapter 232, Code of Iowa, entitled "Neglected, Dependent, and Delinquent Children", contains our law on the treatment of children, who are defined in section 232.2(3) as persons under 18 years of age. The chapter was enacted in 1965 as chapter 215 of the Laws of the Sixty-first G. A., repealing at the same time the prior chapter 232 covering the same subject.

While many of the old provisions were carried over, a new section (232.62) was added as follows:

"The criminal court shall have concurrent jurisdiction with the juvenile court over children less than 18 years of age who commit a criminal offense."

In 1967 chapter 232 was amended by section 15, chapter 203, Laws of the Sixty-second G.A. as follows:

"All juveniles appearing in any court other than the juvenile court and charged with a public offense not exempted by law and who are under eighteen years of age or who were under 18 years of age at the time of the commission of the alleged offense shall immediately be transferred to the juvenile court of the county."

This amendment does not yet appear in the official code but is carried as section 232.64 in Iowa Code Annotated. We so designate it hereafter.

The only issue involved here is the effect of this amendment on our previous holdings regarding the concurrent jurisdiction of juvenile courts and district courts over juvenile criminal offenders. Except for the enactment of section 232.64, these decisions would indisputably resolve the question now before us against the petitioner. See State v. Reed, 207 Iowa 557, 562, 218 N.W. 609, 611; Ethridge v. Hildreth, 253 Iowa 855, 859, 14 N.W.2d 311, 312, 313; State v. Stueve, 260 Iowa 1023, 1027, 150 N.W.2d 597, 602; Ashby v. Haugh, 260 Iowa 1047, 1052, 152 N.W.2d 228, 231, 232.

Leaving aside for the moment the effect of section 232.64, we have consistently held the juvenile act does not deprive the district court of jurisdiction over a juvenile who has committed a crime and have said several times that the county attorney may bring criminal action against such a per-

son, either by county attorney's information or by grand jury indictment. In State v. Reed, supra, at page 562 of 207 Iowa Reports at page 610, of 218 N.W. we said, "Under the statutes as they now stand, when an indictment or county attorney's information is filed in the district court, there is no provision for a transfer to juvenile court *until after a verdict of guilty is returned.* * * * (Emphasis added.) We reaffirmed this view in Ethridge v. Hildreth, supra.

Section 232.62 (adopted in 1965) legislatively approved our rulings in Reed and Ethridge and is relied on here to support the trial court's refusal to refer petitioner Mallory to juvenile court. It was also the basis for our holding in State v. Stueve, supra, that a juvenile could be taken to district court to answer for a crime without being first transferred to juvenile court. We reached this result in spite of section 232.61 (since repealed) which provided:

"Any child taken before any justice of the peace or police court charged with a public offense shall, together with the case, be at once transferred by said court to the juvenile court."

We held in Stueve that section 232.61 was similar to a bindover procedure which did not compel referral to juvenile court before criminal charges could be brought. (260 Iowa at page 1030, 150 N.W.2d 597).

Several months after the Stueve decision, Ashby v. Haugh, supra, was decided upon a habeas corpus proceeding in which a juvenile confined to the Men's Reformatory for conviction of a crime in district court sought to obtain his release because he had not been first sent to juvenile court under section 232.61. We again held section 232.62, providing for concurrent jurisdiction, should be given its literal meaning, saying at page 1053, of 260 Iowa Reports, at page 232, of 152 N.W.2d, "We reiterate our holding there [in State v. Stueve] that section 232.62 means what it says."

We point out that the Ashby opinion was filed a few days after section 232.64 became effective but was, of course, considered and decided on the law as it existed before that amendment.

This, then, was the state of our law with regard to processing juveniles when the Sixty-second General Assembly adopted what is now section 232.64.

We are faced with the single issue of whether section 232.64 requires a different result than we reached in State v. Reed, Ethridge v. Hildreth, State v. Stueve, and Ashby v. Haugh, all supra.

We believe it significant that section 232.64 was enacted approximately one month after, and apparently as the result of, our Stueve decision. Our task is to determine the legislative intent in doing so and to reconcile that section, if possible, with the remainder of chapter 232, particularly section 232.62, with which it is said to conflict.

■ It is our duty to interpret a legislative enactment by considering the entire act as a whole. In Durant-Wilton Motors, Inc. v. Tiffin Fire Association, Iowa, 164 N.W.2d 829, 831, we said, "[The] cardinal principle of statutory construction [is] that the intent of the legislature is to be gleaned from the statute read as a whole, and not from any one section or portion thereof taken piecemeal." See also Goergen v. State Tax Commission, Iowa, 165 N.W.2d 782, 785, 786, and citations, and Wilson v. City of Iowa City, Iowa, 165 N.W.2d 813, 822, and citations.

■ Furthermore as pointed out in State v. Stueve, supra, at page 1027 of 260 Iowa Reports, at page 602 of 150 N.W.2d, we must assume the legislature is familiar with the holdings of this court relative to legislative enactments and that if we have improperly decided what their intention was they will by additional legislation state the real intention.

We believe the legislature did exactly that. It seems clear section 232.64 was passed because the legislative intent relative to processing juvenile offenders was different from that which we ascribed to it in State v. Stueve. Otherwise the amendment is inexplicable.

It is argued, however, that section 232.62 precludes any such determination. We cannot agree unless we literally interpret one section of the act (232.62) and virtually disregard another (232.64). The respondent would have us say, as we did in the Ashby case, that section 232.62 "means what it says"; but we must now also ascribe that same certainty to section 232.64.

■ The fact that this section is the latest legislative pronouncement is entitled to consideration. Crawford v. Iowa State Highway Commission, 247 Iowa 736, 741, 76 N.W.2d 187, 191. Its language is plain and unambiguous. We are obliged, if possible, to give effect to each section—indeed each word—of a legislative act. If we do so here, there is no real conflict.

In every case of concurrent jurisdiction, of course, a choice must be made as to where redress shall be sought. Giving concurrent jurisdiction to the juvenile and district courts does not imply the legislature intended these two judicial branches to vie with each other, case by case, for the initial right to proceed against the offender.

We defined concurrent jurisdiction in State v. Stueve, supra, 260 Iowa at page 1030, 150 N.W.2d at page 602, as follows:

■ " 'Concurrent jurisdiction', it is said, means that jurisdiction exercised by different courts, at the same time, over the same subject-matter, and within the same territory, and wherein litigants may, in the first instance, resort to either court indifferently."

This requires that someone make a choice of forums. In criminal matters the State is the initiating party and it there-fore chooses where to proceed. Who makes this choice for the State? Here there are three possibilities: the county attorney, the juvenile court, and the district court. No matter who decides, it is important that there be concurrent jurisdiction so that the court selected, whichever it be, has authority to proceed.

Section 232.64 designates where this election shall be made; and it clearly says it shall be in juvenile court. From the beginning we have recognized this as a vexing problem. In State v. Reed, supra, 207 Iowa at page 562, 218 N.W. at pages 610–611, we said, "It is a difficult matter to harmonize these conflicting sections [relating to juvenile criminal offenders] * * *. We reach the conclusion that the jurisdiction of the district court and the juvenile court are concurrent, *at least in a limited way*." (Emphasis supplied.) And in Ethridge v. Hildreth, supra, 253 Iowa at page 859, 114 N.W.2d at page 314, we said, "We do not think the legislature, by enacting the juvenile court statutes, intended to grant a juvenile immunity from punishment for a felony committed, *except in the discretion of the district court*." (Emphasis supplied.)

The controversy now before us, and some of those which have gone before, are merely arguments as to where discretion to prosecute should be lodged. In State v. Stueve, supra, we said it rested with the county attorney, subject to securing the approval of the district court before filing an information. Section 769.8, Code of Iowa. But this applies only to informations; no such approval is necessary for grand jury indictment. It was after this pronouncement—and, arguably at least, because of it—that the legislature amended the law to add section 232.64.

■ One of the rules of statutory construction is that an amendment intended some change in existing law. 50 Am.Jur., Statutes, section 3, page 16, section 357, page 361; 82 C.J.S. Statutes section 384b(2), page 904; Crawford v. Iowa

State Highway Commission, 247 Iowa 736, 742, 76 N.W.2d 187, 191; State v. Flack, 251 Iowa 529, 533, 101 N.W.2d 535, 538; Holland v. State, 253 Iowa 1006, 1013, 115 N.W.2d 161, 165; State v. Downing, Iowa, 155 N.W.2d 517, 521.

■ We have also held a legislative enactment should not be said to serve no purpose if such a result can be avoided. State v. Downing, Iowa, 155 N.W.2d 517, 522, and citations.

If we apply these rules here, the clear and evident purpose of section 232.64 is to place the prerogative in juvenile court.

We believe it significant that the legislature, in acting promptly after our State v. Stueve decision, first repealed section 232.-61, which we had there held to be nothing more than a bind-over procedure, and then enacted section 232.64—substantially the same provision—which was made applicable to *all* courts other than the juvenile court. Our Stueve holding on this point was bottomed on the conclusion that limiting its applicability to justice of the peace or police courts made it only "more or less like a binding-over procedure." (260 Iowa, at page 1030, 150 N.W.2d at page 601.)

■ This material change in language in the adoption of section 232.64 makes inescapable the conclusion that it is not to be treated as a bind-over statute, since district courts do not act in that capacity. It is a direct requirement that a juvenile *must* be transferred to juvenile court if he appears in any other court charged with a public offense not exempted from the operation of chapter 232.

Although decisions from other jurisdictions are of little help because the problem is principally one of statutory construction, it is interesting to note the wide variances in the procedure by which such matters are handled. See 47 Am.Jur.2d, Juvenile Courts, sections 19, 20, pages 998–1000; Annotation, 48 A.L.R.2d 663, 686–693; State v. Tominga, 45 Haw. 604, 372 P.2d 356, 364; State v. Little, 241 Or. 557, 407

P.2d 627, 628; State v. Dehler, 257 Minn. 549, 102 N.W.2d 696, 701, 89 A.L.R.2d 496; Wade v. Warden of State Prison, 145 Me. 120, 73 A.2d 128, 134; Robinson v. Kieren, 309 Ky. 171, 216 S.W.2d 925, 927; State v. Dent, 51 N.J. 428, 241 A.2d 833, 837.

We hold that the order of the district court violated section 232.64. We therefore direct the respondent to enter an order transferring this cause to juvenile court for appropriate proceedings there in accordance with chapter 232, Code of Iowa, 1966, as amended.

Writ sustained.

All Justices concur, except MOORE, C. J., who dissents, and LARSON, J., who concurs specially.

LARSON, Justice (concurring specially).

I concur specially because I believe section 232.62 was necessarily repealed by implication. Clearly under section 232.64 all criminal matters involving one under 18 years of age must originally be considered by the juvenile court, and any original action by the district court, except to refer the matter to the juvenile court, would amount to a nullity. I can read these sections in no other way than to limit district court jurisdiction to cases referred to it by the juvenile court.