# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2781

_____

Sarah K. Brooks; Michelle R. Bullock; Zoea A. Warnick; Francis Livingood; Paul G. Wolf; Jason Fett

*Plaintiffs - Appellants*

Kris L. Olds

*Plaintiff*

v.

City of Des Moines, Iowa; Gatso USA, Inc.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 20, 2016
Filed: November 2, 2016

_____

Before LOKEN, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge

Six drivers sued the City of Des Moines and Gatso USA, Inc., arguing that the Automatic Traffic Enforcement (ATE) system violates federal and state law. The

district court dismissed the drivers' claims. Having jurisdiction under 28 U.S.C. § 1291, this court affirms in part, reverses in part, and remands.

## I.

In 2011, the City, by ordinance, authorized an ATE system. **Des Moines, Iowa Mun. Code** § 114-243. The City contracted with Gatso to install and operate the system. When a vehicle speeds or runs a red light, an ATE camera takes an image. Gatso then mails a Notice of Violation to the vehicle owner. The drivers sued in Iowa state court, arguing that the ATE system violates their right to procedural due process, their fundamental right to travel, Iowa Code §§ 602.6101 and 364.22, and causes unjust enrichment for the City and Gatso. They removed the case to federal court and moved to dismiss.

The district court dismissed the drivers for failure to state a claim. On appeal, the drivers contend that the district court erred by failing to address their standing and by dismissing their complaint.

## II.

The district court "passes the question whether plaintiffs here have standing to bring the claims." To the contrary: "Lack of the jurisdiction of the subject matter of litigation cannot be waived by the parties or ignored by the court." *Hunter v. Underwood*, 362 F.3d 468, 476 (8th Cir. 2004). "The appellate court must satisfy itself not only of its own jurisdiction but also that of the district court." *Id.* at 476-477. Where a plaintiff lacks standing, the court has no subject matter jurisdiction. *Young America Corp. v. Affiliated Comput. Servs., Inc.*, 424 F.3d 840, 843 (8th Cir. 2005).

To establish Article III standing, a plaintiff must show 1) an injury in fact, 2) a sufficient causal connection between the injury and the conduct complained of, and 3) a likelihood that the injury will be redressed by a favorable decision. ***Lujan v. Defenders of Wildlife***, 504 U.S. 555, 560 (1992). The party invoking federal jurisdiction has the burden to establish these elements. ***Id.***

All drivers received a Notice of Violation, which is sufficient injury in fact. *See **Ariz. Right to Life Political Action Comm. v. Bayless***, 320 F.3d 1002, 1006-07 (9th Cir. 2003) (holding that the plaintiff had standing to challenge a statute because the state had given no indication that the law would not be enforced and the plaintiff "faced a reasonable risk that it would be subject to civil penalties for violation of the statute"); ***Horne v. U.S. Dept. of Agric.***, 750 F.3d 1128, 1136 (9th Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2419 (2015) ("A monetary penalty is an actual, concrete and particularized injury-in-fact."). The drivers' alleged injury is directly traceable to the City and Gatso. If the court awards damages, their claims are redressed. *See **Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.***, 528 U.S. 167, 174 (2000). The drivers have standing.

## III.

The drivers argue that district court should not have relied on *Hughes v. City of Cedar Rapids*, 112 F. Supp. 3d 817 (N.D. Iowa. 2015), because the facts here are materially different. While the drivers correctly note that the Cedar Rapids' ordinance is different, any difference is immaterial. Both Cedar Rapids and Des Moines offer direct access to the district court or an optional administrative proceeding with de novo appellate review. *See* **Iowa Code** § 17A.19(7). Based on this court's holding, the other differences that the drivers allege are irrelevant.

IV.

The drivers argue that the process established under the ordinance is preempted by Iowa Code §§ 602.6101, 364.22(4), and 364.22(6). "A local ordinance is not inconsistent with state law unless it is *irreconcilable* with the state law." ***Goodell v. Humboldt Cty.***, 575 N.W.2d 486, 492 (Iowa 1998) (emphasis in original).

Section 602.6101 establishes the jurisdiction of the Iowa District Court as "exclusive, general, and original jurisdiction of all actions . . . except in cases where exclusive or concurrent jurisdiction is conferred upon some other court, tribunal, or administrative body." Article III of the Iowa Constitution provides home rule power, authorizing a municipality to determine local affairs and government so long as the municipality does not act inconsistently with state law. **Iowa Const.** art. II, § 2. Further, section 364.22(2) states: "A city by ordinance may provide that a violation of an ordinance is a municipal infraction."

Here, the home rule power and section 364.22(2) allow the City to create municipal infractions, and section 602.6101 allows for concurrent jurisdiction. The administrative body has concurrent jurisdiction with the Iowa District Court over ATE infractions. *See* **State v. Stueve**, 150 N.W.2d 597, 602 (Iowa 1967) (explaining that concurrent jurisdiction is "jurisdiction exercised by different courts, at the same time, over the same subject-matter, and within the same territory, and wherein litigants may, in the first instance, resort to either court indifferently"). Since concurrent jurisdiction for municipal infractions is not irreconcilable with Iowa state law, the drivers fail to state a claim for a violation of section 602.6101.

Section 364.22(4) says, "An officer authorized by a city to enforce a city code or regulation may issue a civil citation to a person who commits a municipal infraction." The drivers argue that the ordinance violates this provision because it improperly delegates power to Gatso.

Based on Section V of this court's decision in *Hughes v. City of Cedar Rapids*, No. 15-2703 (8th Cir. 2016), this claim is dismissed.

Section 364.22(6) states, "In municipal infraction proceedings, the matter shall be tried before a magistrate, a district associate judge, or a district judge in the same manner as a small claim." The drivers believe that the administrative proceeding is irreconcilable with section 364.22(6)'s instruction that municipal infraction proceedings "shall be tried" in a district court. The City and Gatso argue that the Iowa Supreme Court has already rejected similar claims in *City of Sioux City v. Jacobsma*, 862 N.W.2d 335, 340-54 (Iowa 2015)**.**

The drivers mistakenly believe that the administrative hearing is required; it is optional. ***Notice of Violation*, Gatso Mot. to Dismiss Ex. 1A**. ("[Y]ou may request a civil infraction (lawsuit) in lieu of an administrative hearing."). An optional administrative hearing—itself appealable de novo to the district court—is not irreconcilable with section 364.22(6).

V.

The drivers argue that the ATE system violates their federal rights to due process, equal protection, and privileges and immunities. These claims are dismissed for the reasons stated in Section III.B and Part IV of the *Hughes* opinion.

The drivers allege that the City's violation of IDOT rules states claims under the Iowa Constitution. Based on Section IV.C of *Hughes*, these claims should be dismissed without prejudice.

The drivers believe the City and Gatso have been unjustly enriched. Based on Part V of *Hughes*, the drivers have not stated an unjust enrichment claim.

\* \* \* \* \* \* \*

The judgment is affirmed in part and reversed in part. The drivers' state law claims based on IDOT standards are remanded for dismissal without prejudice. The judgment is otherwise affirmed, and the case remanded.

———————————————