# IN THE COURT OF APPEALS OF IOWA

No. 16-1031
Filed February 22, 2017

**MYRON DENNIS BEHM, BURTON J. BROOKS, BOBBY LEE LANGSTON, DAVID LEON BRODSKY, JEFFREY R. OLSON and GEOFF TATE SMITH,**
    Plaintiffs-Appellants,

**vs.**

**CITY OF CEDAR RAPIDS, IOWA and GATSO USA, INC.,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Linn County, Christopher L. Bruns, Judge.

After unsuccessfully challenging the Cedar Rapids Automatic Traffic Enforcement system on numerous fronts, the plaintiffs appeal from summary judgment granted in favor of the defendants. **AFFIRMED.**

James C. Larew of Larew Law Office, Iowa City, for appellants.

Paul D. Burns and Laura M. Hyer of Bradley & Riley P.C., Iowa City, for appellee Gatso USA, Inc.

Elizabeth D. Jacobi of Cedar Rapids City Attorney's Office, for appellee City of Cedar Rapids.

Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

Six motor vehicle owners sued the City of Cedar Rapids (City) and Gatso USA, Inc. (Gatso), challenging the legitimacy of the Cedar Rapids Automatic Traffic Enforcement (ATE) system, arguing the ATE ordinance and its implementation by the City violate state law in numerous respects. The district court granted summary judgment in favor of the City and Gatso, and the vehicle owners appeal that ruling. We affirm.

## I. Background Facts.

### A. The ATE System.

The City established an ATE system by ordinance. *See* Cedar Rapids, Iowa, Mun. Code § 61.138 (2016).[1]  The district court's ruling succinctly describes the operation of the ATE system as follows:

> The ATE ordinance authorizes the City to erect an automated traffic enforcement system for making video images of vehicles that are speeding at designated locations. The system automatically produces images of vehicles that are traveling eleven mph or more in excess of the posted speed limit. The ATE ordinance allows the City to contract with a private entity, as the City did with [Gatso], to install and maintain the cameras and provide video images of those vehicles in violation. After an initial screening, Gatso passes along what it believes to be instances of violations to the officers of the Cedar Rapids Police Department (CRPD), who then review and make the final determination of whether to issue a Notice of Violation. Once a CRPD officer determines that an ATE citation be

---

[1] A printed or electronic copy of the ordinance is not in the record before us. *See* Iowa R. App. P. 6.801. "When properly pleaded, the courts of this state shall take judicial notice of ordinances contained in a city code or city code supplement." Iowa Code § 622.62(1) (2015). We therefore take judicial notice of Cedar Rapids Municipal Code section 61.138, which is available electronically at https://www.municode.com/library/ia/cedar_rapids/codes/code_of_ordinances?nodeId=CH61TRRE_61.138AUTREN.

The Notice of Violation issued to motor vehicle owners indicates the owner may view the city ordinance at http://www.viewcitation.com; however, to access information at this website about the alleged violation and the city ordinance, the owner must enter the citation number and PIN provided in the Notice.

issued, Gatso mails such a notice to the registered owner of the vehicle. Vehicle owners are identified through the National Law Enforcement Telecommunications System (the "Nlets" database), to which the City has access. The City has also allowed Gatso access to that database.

A vehicle owner who receives a Notice of Violation has two options to contest a citation. (1) Municipal Code section 61.138(e)(1) provides that an owner may request an administrative hearing to be held at the CRPD before an administrative appeals board consisting of one or more impartial fact-finders. After the hearing, the board may either uphold or dismiss the citation. (2) Municipal Code section 61.138(e)(2) provides that a vehicle owner may alternatively request that a municipal infraction be issued and filed with the Small Claims Division of the Iowa District Court in Linn County. Thereafter, the vehicle owner can have her day in court and present evidence in support of her case before a judge. An owner who opts for an administrative hearing may also appeal to the small claims court if she is unhappy with the result before the administrative board.[2]

### B. The Plaintiffs' ATE Notices of Violation.

The plaintiffs were each issued an ATE Notice of Violation alleging their vehicles were traveling more than eleven miles per hour over the speed limit on Interstate 380 (I-380) in the City of Cedar Rapids. The plaintiffs contested the notices by requesting administrative hearings. Plaintiffs Behm, Langston, Brodsky, Olson, and Smith were each determined liable for the alleged speeding violations.[3] Plaintiffs Olson and Smith paid civil fines of $75 each. Plaintiff Brooks was found not liable for the alleged speeding violation. None of the

---

[2] Another excellent detailed description of the procedures to be followed after issuance of a Notice of Violation is included in *Hughes v. City of Cedar Rapids*, 112 F. Supp. 3d 817, 826-27 (N.D. Iowa 2015), *aff'd in part, rev'd in part*, 840 F.3d 987, 998 (8th Cir. 2016).

[3] Plaintiffs Langston and Brodsky were issued two Notices of Violation for their jointly-owned vehicle. The Notices alleged the vehicle was speeding at 7:30 p.m. and at 8:02 p.m. on the same day. A hearing officer dismissed the 7:30 p.m. citation and found Langston and Brodsky liable for the 8:02 p.m. violation. Plaintiff Smith also received two Notices of Violation alleging his vehicle was speeding at 1:52 p.m. and 1:54 p.m. on the same day. A hearing officer found him liable for the 1:52 p.m. violation, but apparently the 1:54 p.m. violation was never addressed.

plaintiffs appealed their administrative determinations to the Small Claims Division of the Linn County District Court.

## II. Proceedings.

The plaintiffs filed a class-action petition[4] seeking declaratory relief, claiming the City's ATE system is unconstitutional under the Equal Protection, Privileges and Immunities, and Due Process clauses of the Iowa Constitution; is in violation of and preempted by Iowa law; and constitutes an unlawful delegation of police power. The petition also asserted a private cause of action seeking damages under the Iowa Constitution. The suit also sought damages for unjust enrichment and injunctive relief. The City and Gatso denied the plaintiffs' allegations and later filed a motion for summary judgment requesting the court to dismiss the plaintiffs' suit. The plaintiffs resisted and the district court considered the motion for summary judgment on the parties' briefs and filings. The court rejected the plaintiffs' substantive and procedural due process claims. The court also rejected the plaintiffs' equal protection and privileges and immunities claims, as well as their claims of unlawful delegation of police power, preemption, and unjust enrichment. The court granted the motion for summary judgment in its entirety. The plaintiffs now appeal.

## III. Summary Judgment Standard and Scope of Review.

We review the district court's summary judgment ruling for the correction of errors at law. *Mueller v. Wellmark, Inc.*, 818 N.W.2d 244, 253 (Iowa 2012). On appeal, the plaintiffs raise several constitutional arguments. We address only

---

[4] The district court made no determination as to whether or not the action was to be maintained as a class action. *See* Iowa R. Civ. P. 1.262.

the arguments properly preserved for appellate review. *See Weltzin v. Nail*, 618 N.W.2d 293, 296 (Iowa 2000). "Constitutional claims are reviewed de novo." *City of Sioux City v. Jacobsma*, 862 N.W.2d 335, 339 (Iowa 2015). In interpreting provisions of the Iowa Constitution, we may find federal authority persuasive, although it is not binding. *See State v. Sweet*, 879 N.W.2d 811, 832 (Iowa 2016).

### IV. Discussion.

### A. Procedural Due Process.

The plaintiffs argue their procedural due process rights under the Iowa Constitution were violated. Article I, section 9 of the Iowa Constitution provides that "no person shall be deprived of life, liberty, or property, without due process of law." "Procedural due process requires that before there can be a deprivation of a protected interest, there must be notice and opportunity to be heard in a proceeding that is 'adequate to safeguard the rights for which the constitutional protection is invoked.'" *Bowers v. Polk Cty. Bd. of Supervisors*, 638 N.W.2d 682, 690-91 (Iowa 2002) (citation omitted).

The plaintiffs assert the City "forces all charged vehicle owners who contest the allegations set forth in [N]otices of [V]iolations to attend an administrative hearing." They argue this is not the process they are "due" since Iowa Code section 364.22(6) mandates municipal infractions "*shall* be tried before a magistrate, a district associate judge, or a district judge in the same manner as a small claim." (Emphasis added.) A violation of Cedar Rapids Municipal Code section 61.138 constitutes a municipal infraction. *See* Cedar

Rapids, Iowa, Mun. Code § 1.12 (stating "any violation of a city ordinance, city code . . . constitutes a municipal infraction").

On its face, the ATE ordinance specifies two different methods of contesting a Notice of Violation:

> 1. By submitting in a form specified by the City a request for an administrative hearing to be held at the [CRPD] before an administrative appeals board (the "Board") consisting of one or more impartial fact finders.  Such a request must be filed within 30 days from the date on which Notice of the violation is sent to the Vehicle Owner.  After a hearing, the Board may either uphold or dismiss the Automated Traffic Citation, and shall mail its written decision within 10 days after the hearing, to the address provided on the request for hearing.  If the citation is upheld, then the Board shall include in its written decision a date by which the fine must be paid, and on or before that date, the Vehicle Owner shall either pay the fine or submit a request pursuant to the next paragraph, (e.)(2.).
>
> 2. By submitting in a form specified by the City a request that in lieu of the Automated Traffic Citation, a municipal infraction citation be issued and filed with the Small Claims Division of the Iowa District Court in Linn County.  Such a request must be filed within 30 days from the date on which Notice of the violation is sent to the Vehicle Owner.  Such a request will result in a court order requiring the Vehicle Owner to file an answer and appearance with the Clerk of Court, as well as setting the matter for trial before a judge or magistrate.  If the Court finds the Vehicle Owner guilty of the municipal infraction, state mandated court costs will be added to the amount of the fine imposed by this section.

*Id.* § 61.138(e).

Vehicle owners who use the administrative process may appeal to the courts.  *See id.*  Those unhappy with the magistrate's or judge's decision may then appeal to the district court.  *See id.* § 364.22(11).  If disappointed with the results in district court, the vehicle owner may seek discretionary review from the supreme court.  *See id.* § 631.16.

The administrative hearing is *optional*, not required. *See Hughes*, 112 F.Supp.3d at 847 (Stating a person may participate in an administrative hearing or proceed to court), *aff'd in part, rev'd in part*, 840 F.3d at 998 ("[T]he district court properly found that the ordinance provides two ways to contest the Notice of Violation—a legal conclusion based on the plain text of the ordinance."). In other words, a vehicle owner may bypass the administrative process altogether and go directly to court to contest the notice of violation.[5] Here, the plaintiffs

---

[5] It is somewhat troubling that the Notice of Violation issued to a vehicle owner is a bit misleading, as it does not, on its face, inform the owner of the two alternatives to contest the violation. The Notice states:

> I CONTEST THIS VIOLATION. You have the right to contest this violation in person at an administrative hearing or by mail if you reside outside the state of Iowa.
>
> In order to state a valid defense supporting dismissal of this citation it is recommended that you review the city ordinance, the images and the actual recorded video (if applicable) of the infraction at www.viewcitation.com, before contesting your violation. If following such review, you feel that you have a valid defense against the violation you may contest at an Administrative Hearing or by mail. You may view the city ordinance at www.viewcitation.com.

The vehicle owner must review the ordinance to discover that he or she has two methods of contesting the Notice of Violation. Even then, the ordinance can reasonably be read to require an administrative hearing as a prerequisite before seeking relief in the courts, as the ordinance does not clearly indicate the methods to contest the Notice are alternative options.

Vehicle owners issued a "Findings, Decisions and Order" from an Administrative Hearing Officer are informed:

> Pursuant to City ordinance 61.138(e)(2) and the finding of liable you have the option to request that in lieu of the Automated Traffic Citation, a municipal infraction be issued and filed in the Small claims division of the Iowa district Court in Linn County.
>
> For a copy of the request form and a complete reading of 61.138 go to the City of Cedar Rapids web site: [web site address].
>
> Completed forms should be returned to the Cedar Rapids Police Department at [police department address].

Vehicle owners issued a "Notice of Determination 2nd Notice" are informed:

> Citizens may elect to resolve this Notice of Determination of Liability by paying the assessed fine or by appealing to the Small Claims Division of the Iowa District Court in Linn County. You may challenge the matter in person or by mail. Regardless of the means you choose, you must initiate action on this matter within 30 days of the date listed on the front of this notice.

elected to forego their right to a trial in court and utilized the administrative process instead and did not appeal to the courts. Like the district court, we conclude there was no violation of the plaintiffs' procedural due process rights. Additionally, we note the plaintiffs' arguments on this issue were rejected by the United States District Court for the Northern District of Iowa, *see Hughes*, 112 F. Supp. 3d at 847-48.

The plaintiffs further assert the ordinance's irrebuttable presumption that the vehicle owner is responsible for the infraction is violative of their Due Process rights. Although the issue was raised before the district court, it was not specifically addressed in the court's ruling. The plaintiffs did not file an Iowa Rule of Civil Procedure 1.904(2) motion to amend or enlarge the court's ruling to address the issue.

> "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." To preserve error on even a properly raised issue on which the district court failed to rule, "the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal."

*Bank of Am., N.A. v. Schulte*, 843 N.W.2d 876, 883-84 (Iowa 2014) (citations omitted). "[A] motion for enlargement [is] necessary to preserve error 'when the district court fails to resolve an issue, claim, or legal theory properly submitted for adjudication.'" *State v. Iowa Dist. Ct.*, 801 N.W.2d 513, 543 (Iowa 2011) (citation omitted). Error is not preserved even where the party arguably raised a legal issue before the district court but did not obtain a ruling on the specific issue

---

. . . .
To challenge this Notice of Determination:
Should you choose to do so, you are entitled to appeal this Notice
of Determination and to request a trial before a judge or magistrate.

raised on appeal. *See Lounsberry v. Heath*, No. 03-0878, 2004 WL 433928, at *2 (Iowa Ct. App. Mar. 10, 2004). Consequently, the plaintiffs failed to preserve this issue for our review.

### B. Preemption.

The plaintiffs also argue the process established by the ordinance unlawfully grants jurisdiction to an administrative board or hearing officer and is preempted by Iowa Code sections 602.6101 and 364.22(4), (6). The cornerstone of their argument is that an ATE Notice of Violation constitutes a "municipal infraction." Cedar Rapids Municipal Code section 1.12 provides that "[a]ny violation of a city ordinance, city code, or any section, subsection, paragraph, subparagraph, or any other part thereof, constitutes a municipal infraction subject to all the penalties, and other relief provisions set forth in [Iowa Code s]ection 364.22." The municipal code does not exempt violations of the ATE ordinance from section 1.12. Therefore, a violation of the ATE ordinance is a "municipal infraction."

Iowa Code section 364.22 governs municipal infractions. Section 364.22(4) provides:

> An officer authorized by a city to enforce a city code or regulation may issue a civil citation to a person who commits a municipal infraction. A copy of the citation may be served by personal service as provided in rule of civil procedure 1.305, by certified mail addressed to the defendant at the defendant's last known mailing address, return receipt requested, or by publication in the manner as provided in rule of civil procedure 1.310 . . . .[6]

---

[6] Under the ATE system, Gatso mails the Notice of Violation to the vehicle owner by regular mail.

As noted above, section 364.22(6)(a) provides that municipal infractions "*shall* be tried before a magistrate, a district associate judge, or a district judge." (Emphasis added.) Section 602.6101, which establishes a "unified trial court," provides:

> A unified trial court is . . . the "Iowa District Court". The district court has exclusive, general, and original jurisdiction of all actions, proceedings, and remedies, civil, criminal, probate, and juvenile, except in cases where exclusive or concurrent jurisdiction is conferred upon some other court, tribunal, or administrative body. The district court has all the power usually possessed and exercised by trial courts of general jurisdiction, and is a court of record.

And, as set out in full above, section 61.138(e) of the Cedar Rapids Municipal Code permits the vehicle owner issued a Notice of Violation to contest the violation by requesting either an administrative hearing or a trial in the Small Claims Division of the Iowa District Court in Linn County before a magistrate or judge.

"Under [Iowa's] home-rule approach, except for taxing authority, municipalities ordinarily have the power to determine local affairs as they see fit unless the legislature has provided otherwise." *Madden v. City of Iowa City,* 848 N.W.2d 40, 49 (Iowa 2014). "Under Iowa's home rule amendment, a municipality cannot enact an ordinance that expressly or impliedly conflicts with state law." *Jacobsma*, 862 N.W.2d at 353 (citing Iowa Const. art III, § 38A; *Seymour*, 755 N.W.2d at 537-38). "A city may exercise its general powers subject only to limitations expressly imposed by a state or city law." Iowa Code § 364.2(2).

An overview of the principles of preemption is set forth in *Seymour*, 755 N.W.2d at 537-39, and to repeat them here would unnecessarily lengthen this opinion. Applicable here is the "conflict" form of implied preemption:

> In order to qualify for this branch of implied preemption, a local law must be "irreconcilable" with state law. Further, our cases teach that, if possible, we are to "interpret the state law in such a manner as to render it harmonious with the ordinance." In applying implied preemption analysis, we presume that the municipal ordinance is valid. The cumulative result of these principles is that for implied preemption to occur based on conflict with state law, the conflict must be obvious, unavoidable, and not a matter of reasonable debate.

*Seymour*, 755 N.W.2d at 539 (internal citations omitted); *see also* Iowa Code § 364.2(3) ("An exercise of a city power is not inconsistent with a state law unless it is irreconcilable with the state law."); *Goodell v. Humboldt Cty.*, 575 N.W.2d 486, 500 (Iowa 1998) ("A local ordinance is not inconsistent with state law unless it is *irreconcilable* with the state law."). This legal standard is "demanding." *See Seymour*, 755 N.W.2d at 539.

Here, the district court concluded:

> The ATE ordinance is not preempted because vehicle owners are merely offered an *additional* forum to challenge their ATE citations. Cedar Rapids, Iowa, Mun. Code § 61.138(e)(1). Owners may still submit a form specified by the City to have a municipal infraction, as opposed to ATE citation, issued and filed with the court. *Id.* § 61.138(e)(2). Accordingly, the ATE ordinance's administrative hearing presents no conflict with the judicial process. For the same reason, the ATE ordinance does not conflict with Iowa Code section 364.22(6) and (4) because, by providing an additional channel to challenge a traffic fine, the ATE ordinance leaves untouched the process of contesting a municipal infraction through a court of law.

Furthermore, we note the United States District Court for the Northern District of Iowa also rejected the claim that the ordinance is preempted by Iowa Code section 602.6101:

> Contrary to Plaintiffs' assertion, the ATE system does not "tak[e] jurisdiction for traffic enforcement matters away from the Iowa District Court." Rather, the ATE system allows a person who receives a Notice of Violation an opportunity to first object to the alleged violation at a City-sanctioned administrative hearing before proceeding to the Iowa district courts. Such a system amounts to, at most, concurrent jurisdiction over alleged municipal violations. *See Iowa v. Stueve,* [150 N.W.2d 597, 602 (Iowa 1967)] ("'Concurrent jurisdiction' . . . means that jurisdiction exercised by different courts, at the same time, over the same subject-matter, and within the same territory, and wherein litigants may, in the first instance, resort to either court indifferently.").

*Hughes*, 112 F. Supp. 3d at 849. The Eighth Circuit affirmed this holding. *See Hughes*, 840 F.3d at 998. Additionally, the Eight Circuit has also rejected drivers' claims that a similar ATE ordinance is preempted by Iowa Code sections 602.6101 and 364.22(4), (6). *See Brooks v. City of Des Moines*, 844 F.3d 978, 980 (8th Cir. 2016). Finally, our supreme court rejected a claim that an ATE ordinance was preempted by Iowa Code section 364.22(5)(b) (now renumbered as § 364.22(6)(b) (2015)). *See Seymour*, 755 N.W.2d at 542. With the persuasive federal decisions in mind, along with our own supreme court's ruling, we conclude the district court correctly rejected the plaintiffs' preemption argument.

The plaintiffs also argue "any citations issued based on evidence created by ATE equipment located on I-380 are directly inconsistent and irreconcilable with the Evaluation and Order of the [Iowa Department of Transportation (IDOT)]. This ATE equipment is therefore also preempted by that agency action." In

March 2015, the IDOT issued an evaluation of the Cedar Rapids ATE system. The IDOT ruled, among other things, that certain cameras on I-380 should be moved or removed by April 17, 2015. It found that some cameras were "beyond the area of [safety] concern" or placed too close to a reduction in speed limit.[7] The district court did not rule on this specific preemption issue, and the plaintiffs did not file an Iowa Rule of Civil Procedure 1.904(2) motion to amend or enlarge the court's ruling to address the issue. Consequently, the plaintiffs failed to preserve this issue for our review. *See Schulte,* 843 N.W.2d at 883-84. In any event, because the City's appeal of the IDOT evaluation and order is still pending, this claim is not ripe for our review. *See Hughes*, 840 F.3d at 997 (citing *Missourians for Fiscal Accountability v. Klahr*, 830 F.3d 789 (8th Cir. 2016)).

The plaintiffs also assert the City's implementation of the ATE ordinance has exempted "thousands of government vehicles from prosecution." They argue Iowa Code section 321.230 preempts the City's exemption of government vehicles. Although the issue was raised before the district court, it apparently got lost in the shuffle and was not specifically addressed in the court's ruling. No 1.904(2) motion was filed requesting the court address the issue. Consequently, this issue was not preserved for our review. *See Schulte*, 843 N.W.2d at 883-84.

### C. Other Constitutional Issues.

### 1. Substantive Due Process.

---

[7] The City's appeal from the IDOT order is still pending in district court. *See City of Muscatine v. Iowa Dep't of Transp.*, No. 05771 CVCV049988 (Iowa Dist. Ct. for Polk Cty. petition filed June 10, 2015). The cities of Muscatine, Cedar Rapids, and Des Moines are petitioners in this judicial review of the agency's action. A trial date is uncertain at this time.

The plaintiffs argue their substantive due process rights under the Iowa Constitution were violated based on the violation of their fundamental right to interstate and intrastate travel.[8]  Iowa Const. art. I, § 9.  The plaintiffs also assert "the City's violation of State law (IDOT regulations and then subsequent Evaluation and Order) offends judicial notions of fairness and human dignity." These due process arguments were raised and rejected in *Hughes*, 840 F.3d at 995-96.  For the same reasons, we too reject the plaintiffs' argument.

### 2. *Equal Protection.*

The plaintiffs assert the ostensible purpose of the ATE ordinance is safety. They contend the under inclusive enforcement bears no rational relationship to the interests of safety.[9]  The plaintiffs argue their Equal Protection rights under the Iowa Constitution have therefore been violated.  *See* Iowa Const. art I, § 6. This argument was also raised and rejected in *Hughes*, 840 F.3d at 996-97.  We likewise reject the plaintiffs' argument.

The plaintiffs also contend the placement of some equipment on I-380 bears no rational relationship to the interests of safety.  The district court concluded: "Even if the IDOT conclusion is correct and the equipment on I-380 is not necessary for public safety, the City of Cedar Rapids has a legitimate interest in enforcing the speed limit within the City limits.  The ATE system is rationally

---

[8] Our supreme court has not yet expressly recognized a fundamental right to intrastate travel under the Iowa Constitution.  *See City of Panora v. Simmons*, 445 N.W.2d 363, 367-69 (Iowa 1989).  But even if it were so recognized, our conclusion would remain the same.

[9] It is not disputed that the ATE system (a) captures only rear license plate images, as a result of which most semi-truck owners, whose rear license plates are not included in the Nlets database, are immune from ATE citations, and (b) does not issue Notices of Violation to certain government vehicles because their license plates are also not in the Nlets database.

related to promotion of that interest." We agree. In any event, as footnoted above, the City's appeal from the IDOT order is still pending in the Iowa District Court for Polk County. Because the City's appeal of the IDOT evaluation and order is still pending, this claim is not ripe for our review. *See Hughes*, 840 F.3d at 997 (citing *Missourians for Fiscal Accountability v. Klahr*, 830 F.3d 789 (8th Cir. 2016)).

### 3. *Privileges and Immunities.*

For the same reasons advanced in their Equal Protection arguments, The plaintiffs claim their rights under the Privileges and Immunities clause of the Iowa Constitution were violated. *See* Iowa Const. art. I, § 6. For the same reasons we rejected their Equal Protection arguments, we reject their Privileges and Immunities arguments.

### D. *Unlawful Delegation of Police Powers.*

Cedar Rapids Municipal Code section 61.138(a) explicitly provides that "[*t*]*he police department* will determine which vehicle owners are in violation of the [C]ity's traffic control ordinances and are to receive a [N]otice of [V]iolation for the offense." (Emphasis added.) Nevertheless, the plaintiffs assert the City has unconstitutionally delegated police powers to Gatso, a private company.

A municipality "'cannot surrender, by contract or otherwise, any of its legislative and governmental functions and powers, including a partial surrender' unless authorized by statute." *Warren Cty. Bd. of Health v. Warren Cty. Bd. of Supervisors*, 654 N.W.2d 910, 913 (Iowa 2002) (citations omitted). "It can, however, delegate its right to perform certain acts and duties necessary to

transact and carry out its powers. These delegable acts typically involve functions that require little judgment or discretion." *Id.* at 914.

In responding to the plaintiffs' wrongful-delegation-of-police-powers assertion, the district court found no genuine disputes of material fact existed:

> In response to Defendants' argument that Gatso's initial screening process involves little discretion, Plaintiffs did not set forth specific and material evidentiary facts indicating otherwise. Neither does the court find admissible evidence indicating significant discretion on Gatso's part in the acts of running license plate numbers through the Nlets database to identify registered vehicle owners, calibrating the ATE equipment (also conducted by the City and tested by CRPD officers) or maintaining the City's hotline or FAQs webpage regarding the ATE ordinance. Furthermore, . . . it is the CRPD officers who make the ultimate decision regarding who will be issued ATE citations. The mechanical act of mailing out Notices does not involve any meaningful judgment or discretion. Plaintiffs' unlawful delegation of power claim is therefore without merit.

(Internal citation and footnote omitted.) The Eighth Circuit reached the same conclusion in considering the City's ATE ordinance. *Hughes*, 840 F.3d at 998 ("[T]here is no improper delegation (or in statutory terms, conferral) of power upon Gatso.").[10] Given that it is the Cedar Rapids Police Department, not Gatso, that determines which vehicle owners are in violation of the ATE ordinance and are to receive a notice of violation for the offense, we conclude, like the district court and Eighth Circuit, the ordinance does not unconstitutionally delegate police power.

### E. Unjust Enrichment.

The plaintiffs assert the City and Gatso have been "unjustly enriched by the implementation of the unlawful ordinance." To recover on their claim, The

---

[10] The *Hughes* court also noted: "Subject to later development of the law, the Iowa Supreme court has allowed ATE systems to operate with private contractors, thus implicitly rejecting the delegation challenge." 840 F.3d at 997.

plaintiffs had to show (1) the defendants were enriched by the receipt of a benefit; (2) the enrichment was at their expense; and (3) it was unjust to allow the defendants to retain the benefit under the circumstances. *See State ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 154-55 (Iowa 2001). The plaintiffs assert it would be unjust for the defendants to retain the monies received based on an unlawful delegation of police power, the enforcement of an ordinance whose provisions are unconstitutional based on the procedural and substantive due process defects, privileges and immunities and equal protection violations, and the preemption of the ordinance by Iowa law. We have already concluded the ordinance and its implementation is not an unlawful delegation of police power, unconstitutional, or preempted. We also note the Eighth Circuit reached the same result. *See Hughes*, 840 F.3d at 998 (finding no improper delegation of police power); *see also Brooks*, 844 F.3d at 981 (following *Hughes*). We, like the district court and the federal court, conclude that the plaintiffs' unjust enrichment claim fails.

### F. Private Cause of Action.

The plaintiffs asserted a private cause of action under the Iowa Constitution claiming they were entitled to damages resulting from the violation of their constitutional rights. In its ruling, the district court noted in a footnote:

> As conceded by Plaintiffs, the Iowa Court of Appeals in *Conklin v. State*, [No. 14-0764, 2015 WL 1332003, at *6 (Iowa Ct. App. Mar. 25, 2015)] has held that the Iowa Constitution itself gives no private causes of action, which must be created by statutes. *Id.* at *3. Plaintiffs argue that *Conklin* is currently on appeal to the Iowa Supreme Court for final determination. However, until *Conklin* is reversed by the Iowa Supreme Court, this court is inclined to follow it. Plaintiffs thus can state no private cause of action. As a

result, this ruling only deals with Plaintiffs' request for a declaratory judgment.

An application for further review was filed in *Conklin* on April 9, 2015. As of the day of the filing of this opinion, the Iowa Supreme Court has not yet ruled on the application. We stand by our opinion in *Conklin* and reject the plaintiffs' arguments concerning their claim for a private cause of action.

### *V. Conclusion.*

We have considered all of the plaintiffs' arguments properly preserved for review, whether or not set forth explicitly herein and any issues not specifically addressed are deemed of insufficient merit to warrant reversal. We find no error in the district court's grant of summary judgment in favor of the defendants. Accordingly, we affirm the judgment of the district court.

**AFFIRMED.**